SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB,     Filed:
D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
PRETIUM MORTGAGE ACQUISITION TRUST,

                        Plaintiff,          Index No.

-against-

IAN PECK; SIGIFREDO LAVERDE; HILTON     Plaintiff
HEADS HOLDINGS BV; WORKERS'              designates NEW YORK
COMPENSATION BOARD OF NEW YORK       County as place of trial
STATE; PETER TOKAR; BOARD OF MANAGERS   Venue is based upon
OF THE 5 EAST 17TH STREET CONDOMINIUM;    County in which premises
"JOHN DOE #1" through "JOHN DOE #10"        are being situate
inclusive, the names of the ten last named       **SUMMONS WITH**
Defendants being fictitious, real names unknown to   **NOTICE** ACTION TO
the Plaintiff, the parties intended being persons or     FORECLOSE
corporations having an interest in, or tenants or       MORTGAGES AS
persons in possession of, portions of the mortgaged   CONSOLIDATED AND
premises described in the Complaint;                 MODIFIED
                       Defendants.
-----------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance upon the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the date of service or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York. If you fail to so appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:      Elmsford, New York
              February 5, 2020

2267-003295-FC/Rushmore Loan Management Services, LLC

# Notice to Tenants of Buildings in Foreclosure

New York State Law requires that we provide you this notice about the foreclosure process. Please read it carefully.

We, WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, are the foreclosing party and are located at 565 Taxter Road, Suite 590, Elmsford, New York 10523 c/o Knuckles, Komosinski & Manfro, LLP. We can be reached at 914-345-3020.

The dwelling where your apartment is located is the subject of a foreclosure proceeding. If you have a lease, are not the owner of the residence, and the lease requires payment of rent that at the time it was entered into was not substantially less than the fair market rent for the property, you may be entitled to remain in occupancy for the remainder of your lease term. If you do not have a lease, you will be entitled to remain in your home until ninety days after any person or entity who acquires title to the property provides you with a notice as required by section 1305 of the Real Property Actions and Proceedings Law. The notice shall provide information regarding the name and address of the new owner and your rights to remain in your home. These rights are in addition to any others you may have if you are a subsidized tenant under federal, state or local law or if you are a tenant subject to rent control, rent stabilization or a federal statutory scheme.

ALL RENT-STABILIZED TENANTS AND RENT-CONTROLLED TENANTS ARE PROTECTED UNDER THE RENT REGULATIONS WITH RESPECT TO EVICTION AND LEASE RENEWALS. THESE RIGHTS ARE UNAFFECTED BY A BUILDING ENTERING FORECLOSURE STATUS. THE TENANTS IN RENT-STABILIZED AND RENT-CONTROLLED BUILDINGS CONTINUE TO BE AFFORDED THE SAME LEVEL OF PROTECTION EVEN THOUGH THE BUILDING IS THE SUBJECT OF FORECLOSURE. EVICTIONS CAN ONLY OCCUR IN NEW YORK STATE PURSUANT TO A COURT ORDER AND AFTER A FULL HEARING IN COURT.

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-800-342-3736 or visit the Department's website at http://www.dfs.ny.gov.

§ 1303 Tenant Notice

# Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

## Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services at 1-800-342-3736 or visit the Department's website at http://www.dfs.ny.gov.

## Rights and Obligations

**YOU ARE NOT REQUIRED TO LEAVE YOUR HOME AT THIS TIME.** You have the right to stay in your home during the foreclosure process. You are not required to leave your home unless and until your property is sold at auction pursuant to a judgment of foreclosure and sale.

Regardless of whether you choose to remain in your home, **YOU ARE REQUIRED TO TAKE CARE OF YOUR PROPERTY** and pay property taxes in accordance with state and local law.

## Foreclosure rescue scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

§ 1303 NOTICE

# NOTICE

## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST AND FILING THE ANSWER WITH THE COURT.

Richard F. Komosinski
Knuckles, Komosinski & Manfro, LLP
Attorneys for Plaintiff
565 Taxter Road
Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020

NOTICE TO OCCUPANTS: WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST IS FORECLOSING AGAINST THE OWNER OF THIS PREMISES. IF YOU LIVE HERE, THIS LAWSUIT MAY RESULT IN YOUR EVICTION. YOU MAY WISH TO CONTACT A LAWYER TO DISCUSS ANY RIGHTS AND POSSIBLE DEFENSES YOU MAY HAVE.

2267-003295-FC/Rushmore Loan Management Services, LLC

NOTICE OF OBJECT OF ACTION AND RELIEF SOUGHT

THE OBJECT of the above-entitled action is for the foreclosure of the following:

(a) a mortgage bearing date December 28, 2006 given by Ian Peck to Mortgage Electronic Registration Systems Inc. as nominee for Equity Now, Inc. to secure the sum of $2,300,000.00 and recorded as CRFN: 2007000034219 in the office of the County Clerk/City Register of New York County on January 18, 2007 and which mortgage was assigned to ING Bank, FSB as evidenced by written instrument dated October 8, 2009 and recorded with the New York County Clerk/City Register on December 4, 2009 as CRFN: 2009000398126; and

(b) a mortgage bearing date October 15, 2009 given by Ian Peck to ING Bank, FSB to secure the sum of $216,865.43 and recorded as CRFN: 2009000398127 in the office of the County Clerk/City Register of New York County on December 4, 2009; and

(c) a consolidation, extension and modification agreement in which the mortgages above were consolidated to form a new single lien in the amount of $2,458,000.00 given by Ian Peck to ING Bank, FSB dated October 15, 2009 and recorded as CRFN: 2009000398128 with the office of the County Clerk/City Register of New York County on December 4, 2009 and which mortgages as consolidated were ultimately assigned to the Plaintiff herein as evidenced by written instrument dated December 1, 2017 and recorded with the New York County Clerk/City Register on January 16, 2018 as CRFN: 2018000016420 and which mortgages as consolidated and assigned were modified by agreement dated June 17, 2019 given by Ian Peck to Rushmore Loan Management Services, LLC to form a new single lien in the amount of $2,781,491.71 and recorded as CRFN: 2019000295521 in the office of the County Clerk/City Register of New York County on September 13, 2019 covering the premises described as follows:

    5 East 17th Street, Unit 5, New York, New York 10003

The relief sought in the within action is final judgment directing the sale of the premises described above to satisfy the debt secured by the mortgages as consolidated described above.

The Plaintiff makes no personal claim against any Defendants in this action except Ian Peck.

2267-003295-FC/Rushmore Loan Management Services, LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,

Plaintiff,

-against-

IAN PECK; SIGIFREDO LAVERDE; HILTON HEADS HOLDINGS BV; WORKERS' COMPENSATION BOARD OF NEW YORK STATE; PETER TOKAR; BOARD OF MANAGERS OF THE 5 EAST 17TH STREET CONDOMINIUM; "JOHN DOE #1" through "JOHN DOE #10" inclusive, the names of the ten last named Defendants being fictitious, real names unknown to the Plaintiff, the parties intended being persons or corporations having an interest in, or tenants or persons in possession of, portions of the mortgaged premises described in the Complaint;

Defendants.
-------------------------------------------------------------------X

Filed:

Index No.

COMPLAINT FOR THE FORECLOSURE OF MORTGAGES AS CONSOLIDATED AND MODIFIED

Plaintiff, as and for its Complaint, alleges:

1. That the Plaintiff was and still is a federal savings bank organized and existing under the law of the United States of America acting as Trustee for Pretium Mortgage Acquisition Trust.

2. That upon information and belief, the individual Defendants were and still are residents of the State of New York or are engaged in business in the State of New York.

2267-003295-FC/Rushmore Loan Management Services, LLC

3. That upon information and belief, the corporate Defendants are domestic corporations, corporations authorized to do business in the State of New York, or subject to the jurisdiction of the New York courts by virtue of the liens recited hereinafter.

4. That the Plaintiff is the owner and/or holder of the subject mortgage and note or has been delegated the authority to institute a mortgage foreclosure action by the owner and/or holder of the subject mortgage, and if applicable, the Plaintiff and/or its assignor as originator of the subject loan have complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l of the banking law and section thirteen hundred four of Article Thirteen of the Real Property Actions and Proceedings Law.

5. That upon information and belief, this action involves a residential, one-to-four family, owner occupied property and if applicable, the Plaintiff and/or its assignors has fully complied with the requirements of RPAPL § 1304 and RPAPL § 1306 (Exhibit "D").

6. That upon information and belief, the Defendant Ian Peck duly executed, acknowledged, and delivered to the Plaintiff's assignors evidences of obligations wherein and whereby the Defendant Ian Peck acknowledged to be indebted to the Plaintiff's assignors for the numerous amounts as ultimately consolidated plus interest thereon to be paid according to their terms. (Exhibit "A").

7. That as collateral security for the payment of the aforesaid sums, including interest, Defendant Ian Peck duly executed, acknowledged and delivered mortgages and a consolidation, extension and modification agreement to the mortgagee named therein. (Exhibit "B").

8. That subsequent thereto, Defendant Ian Peck duly executed, acknowledged, and delivered a mortgage modification agreement to the mortgagee named therein which among other things, modified the principal balance, interest rate and monthly payment of the original indebtedness (Exhibit "E").

2267-003295-FC/Rushmore Loan Management Services, LLC

9. That said evidences of obligations and mortgages as consolidated or any of them provide that in the event of a default in the payment of said principal or interest, or any part thereof, or by reason of any default that is more particularly set forth in said evidences of obligations or mortgages as consolidated, the holder thereof is empowered to sell the mortgaged premises according to law.

10. (a) That the mortgages and consolidation, extension and modification agreement as set forth in paragraph SEVENTH were duly recorded in the Office of the County Clerk/City Register of the County of New York, and the mortgage tax thereon, if any, was duly paid for each instrument (Exhibit "B").

(b) That the notes and mortgages as consolidated were ultimately assigned to the Plaintiff herein as evidenced by the allonge affixed to the notes and later evidenced by written instrument dated December 1, 2017 and recorded with the New York County Clerk/City Register on January 16, 2018 as CRFN: 2018000016420 (Exhibits "A" and "C").

(c) That the loan modification agreement was duly recorded in the Office of the County Clerk/City Register of the County of New York on September 13, 2019 as CRFN: 2019000295521, and the mortgage tax thereon, if any, was duly paid (Exhibit "E").

11. That in and by the above described evidences of obligations, guarantees, or the consolidated notes secured thereby and the mortgages as consolidated, it was covenanted and agreed, among other things, that in the event any default was made in the monthly payment of $14,931.65 (inclusive of principal and interest) as modified the Holder at its option might declare the entire principal sum due and payable.

12. That the Defendant Ian Peck, pursuant to the terms of the evidences of obligations, guarantees, or the notes as consolidated secured thereby, has defaulted in making the aforesaid monthly payments for a period exceeding thirty (30) days. More precisely, the Defendant Ian Peck has defaulted in making the monthly payment due on June 1, 2019 and monthly thereafter.

2267-003295-FC/Rushmore Loan Management Services, LLC

13. That notices of the default pursuant to the mortgages as consolidated and notices pursuant to RPAPL §1304 were mailed to the Defendant Ian Peck in the form and manner required by the mortgages and by statute (Exhibit "D").

14. That by reason of the default of the Defendant Ian Peck, and pursuant to the acceleration provisions of said consolidated notes and mortgages as consolidated, the Plaintiff has elected and does elect that the whole of the principal sum secured hereby become immediately due and payable and there is now justly due and payable to the Plaintiff by virtue of such acceleration, the principal sum of $2,781,491.71 plus interest at the contract rate from May 1, 2019.

15. That no other action has been had for the recovery of the said sum secured by the said consolidated notes and mortgages as consolidated or any part thereof.

16. That Paragraphs 1, 3, 5 and 22 as contained in the mortgages as consolidated are incorporated herein by reference as Exhibit "B".

17. That the Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment after the date of the commencement of this action of all or any part of the arrears due and owing or the curing of any or all of the defaults mentioned herein, and such election shall continue and remain effective until all the costs and disbursements of this action, and any and all future defaults under the aforesaid notes and mortgages as consolidated occurring prior to the discontinuance of this action, are fully paid or cured.

18. That in order to protect its security, the Plaintiff may be compelled, during the pendency of this action, to pay taxes, water rates, fire insurance premiums and other charges affecting the said mortgaged premises, and the Plaintiff requests that any sums so paid be added to the amount due to the Plaintiff upon the said notes and mortgages as consolidated and be deemed secured thereby.

19. That the premises are or may be subject to covenants, restrictions, easements and agreements of record, if any; to any state of facts an accurate survey may show, if any; to financing statements of record, if any; to existing prior mortgages and liens, if any; to existing tenancies and/or occupancies, if any; to violations in any state or municipal

department, if any; to the statutory right of the United States of America to redeem, if any; and the Plaintiff requests that the premises be sold subject thereto.

20. That the Defendants Sigifredo LaVerde, Hilton Heads Holdings BV, Workers' Compensation Board of New York State, Peter Tokar, and Board of Managers of the 5 East 17th Street Condominium are made parties to this action by virtue of judgments/liens, in various amounts, against Defendant Ian Peck and/or individuals with names similar to those of the Defendant Ian Peck, residing at the subject premises and/or at various other addresses, which judgments/liens, if liens against the property, are subject and subordinate to the lien of the Plaintiff's mortgages as consolidated and modified (Exhibit "F").

21. The pursuant to the provisions of the Civil Practice Law and Rules 3012-b(a) of the State of New York, an executed copy of the original certificate of merit filed simultaneously with the summons and complaint is attached hereto (Exhibit "G").

WHEREFORE, the Plaintiff demands judgment that the Defendant(s) herein and all persons claiming under them or any or either of them, subsequent to the commencement of this action, may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises; that the said premises be decreed to be sold according to law subject to the provisions contained in Paragraph NINETEENTH herein; that the monies arising from the sale may be brought into Court; that the Plaintiff may be paid the amount due on the said notes and mortgages as consolidated with interest to the time of such payment, together with expenses of sale, attorney's fees, costs, allowances, disbursements and additional allowances granted herein, so far as the amount of such monies properly applicable thereto will pay the same; and that the Defendant Ian Peck may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds

2267-003295-FC/Rushmore Loan Management Services, LLC

pursuant to the provisions contained in such Judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property Actions and Proceedings Law.

Dated: Elmsford, New York
February 5, 2020

_____
Richard F. Komosinski
Knuckles, Komosinski & Manfro, LLP
Attorneys for Plaintiff
565 Taxter Road
Suite 590
Elmsford, NY 10523
Phone: (914) 345-3020

2267-003295-FC/Rushmore Loan Management Services, LLC