JAMS ARBITRATION
JAMS Reference
No.1425034873

---

Gary Greenberg, Art Fund III LLC, Colorado Art Holdings LLC,
GB Fund LLC, Loans On Fine Art LLC, and Lotus Investment Corp.,
Claimants
v.
Ian S. Peck, ACG Arrangement Services LLC, Art Capital Bermuda,
LTD.,
AGC Capital Company, LLC, Modern Art Services, LLC, Patriot Credit
Company LLC, and Pegasus Credit Company LLC
Respondents

Place of Arbitration: New York NY
Date of Final Award: April 5, 2023

### FINAL AWARD

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the provisions of paragraph 13 of the Settlement Agreement between the Parties dated as of January 20, 2021, which provides that the arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures, hereby makes this Final Award. The Arbitrator, having examined the submissions, evidence and allegations of the Parties, and having issued decisions on liability and damages as described below finds, concludes and issues this Final Award.

On July 1, 2022, I granted Claimant's Motion pursuant to JAMS Rule 18 establishing that Respondents had breached the Settlement Agreement and that Claimants were entitled to judgment on their claims:

> I find that there is no issue of material fact concerning Claimants' right to judgment on their claims for breach of the Settlement Agreement and find that Respondents breached the Settlement Agreement in at least the following ways: Respondents did not present the painting for evaluation by the date specified in the Settlement Agreement; Respondents did not consign the work for auction by the date specified in the Settlement Agreement; Respondents' representations that they owned or controlled or had a right thereto were false. Decision at page 9.

That decision is incorporated herein in full.

On February 20, 2023, I issued a decision on damages which stated:

> Implementing the profit-sharing formula of Section 1(c) of the Settlement Agreement results in a damage award to Claimants of $5,272,150.

The Damages Decision is incorporated herein in full.

On March 3, 2023, Claimants submitted a letter pointing out a mistake in the calculation of the damages as permitted by JAMS

Rule 24(j) seeking, among other things, to correct the error in calculation. Claimants are correct that the initial calculation made a computational error in applying the waterfall provision of the Settlement Agreement. The correct calculation is as follows:

      Under section 1(c)(ii), Claimants are entitled to $4,150,000. Under section 4(c)(iv)(1), $150,000 plus 30% of net profits after deducting 25% owed to a third party which computes to $1,047,750. Under section1(c)(iv)(2), on the next $4,990,000, Claimants are entitled to 22% of net profits after deducting 25% due to a third party which computes to $ 823,350. Thus, Claimants are entitled to $6,021,100 in contract damages.

In addition, Claimants are awarded the amount of JAMS fees pursuant to JAMS Rules 6(c), 24(f) and 31(c) which were paid Claimants after Respondents defaulted on their obligation to pay those fees as they had contracted to do so. See, Settlement Agreement at paragraph 13: "THE PARTIES SHALL SHARE EQUALLY IN THE COSTS OF SUCH ARBITRATION." Claimants have submitted the affidavit of Gary Greenberg with an attached exhibit documenting the fees advanced on behalf of Respondents. I find that the affidavit accurately sets forth the amounts paid. The amount of the fees advanced by Claimants was $46,557 which is awarded to Claimants.

Claimants requested in their Demand For Arbitration an award of prejudgment interest. Under New York Law, Claimants are entitled to prejudgment interest pursuant to CPLR 5001(a) et seq. The statutory rate is 9% per annum and "shall be computed from the earliest ascertainable date the cause of action existed CPLR 5001(b)", here the date of the Settlement Agreement, January 20, 2021, and runs through to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded." CPLR 5001(c), here February 20, 2023, the date of the decision on liability. The calculation

under CPLR 5001 is as follows: The annual amount of interest is $6,021,100 x 0.09 = $541,899. The daily rate calculates to $1,484.65. There are 762 days between January 20, 2021, and February 20, 2023 (including February 20). Therefore, the amount of prejudgment interest to be awarded to Claimants is 762 x $1,484.65 = $1,131,303.30.

Conclusions and Summary:
1. The Respondents breached the Settlement Agreement as fully explained in the decision dated July1, 2023.
2. Contractual damages are awarded in accordance with the Damages Decision dated February 20, 2023, as corrected for calculation error as explained supra, in an amount of $6,021,100.
3. Claimants are awarded prejudgment interest in the amount of $1,131,303.30.
4. Claimants are awarded $46,557 in respect of the fees advanced by them after Respondents defaulted on their obligation to pay JAMS fees.
5. In total, Claimants are awarded $6,021,100 plus $1,131,303.30 plus $46,557 for a total of $7,198,960.30.

Dated: April 5, 2023
       New York, NY

_____
Kenneth M. Kramer, Arbitrator

AFFIRMATION

I, Kenneth M. Kramer, an attorney admitted to practice in the courts of the State of New York and not a party to this matter, hereby affirm that the foregoing is a true award in this arbitration, under the penalty of perjury.

_____
Kenneth M. Kramer, Arbitrator