SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE BOARD OF MANAGERS OF THE 5 EAST 17TH STREET CONDOMINIUM,

                          Plaintiff,

-against-

IAN PECK,

                          Defendant.

Index No. 151186/2019

Motion Seq. No. 009

**AFFIRMATION OF ETHAN A. KOBRE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**ETHAN A. KOBRE,** an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury:

1. I am a member in good standing of the bar of the State of New York and a partner of the law firm of Schwartz Sladkus Reich Greenberg Atlas LLP, attorneys for Defendant Ian Peck ("Defendant"). As such, I have personal knowledge of the matters set forth below.

2. I submit this affirmation in opposition to the Plaintiff's motion for an Order: (a) granting summary judgment against Defendant; and (b) striking the affirmative defenses and dismissing the counterclaim alleged in Defendant's Answer to Plaintiff's Amended Complaint.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

3. For the sake of brevity, the facts and procedural background relevant to this motion are set forth in the accompanying affidavit of Ian Peck sworn to June 29, 2022 ("Peck Aff."), affidavit of Andrew P. Ross, CPA, CFE, CVA, PFS sworn to June 28, 2022 ("Ross Aff."), and statement of material facts ("Statement").

**PLAINTIFF'S MOTION SHOULD BE DENIED**

4. As set forth at length in the accompanying affidavits and in the Statement,

1

myriad issues of fact remain with respect to the Condominium's[1] (very young) claims, rendering the award of summary judgment wildly premature at this stage.

5. In addition, Defendant's counterclaim ("Counterclaim") and affirmative defenses raise material questions of fact, which further preclude the award of summary judgment, as set forth fully below.

**A. Defendant's Counterclaim for Monies Owed**

6. The Counterclaim seeks monetary damages resulting from the Condominium's abject failure to apply a setoff to judgment it obtained against Defendant on September 9, 2020, despite the Order plainly directing the Condominium to do so. *Peck Aff.* ¶44 *Exh.* J.

7. As a result of the Condominium's own bad-faith determination to forego applying a setoff to the judgment, the Illegitimate Judgment was entered which – when ultimately satisfied by Defendant on March 22, 2022 – caused the Condominium to receive fees and interest from Defendant well beyond what it was duly entitled to. *Peck Aff.* ¶48.

8. Although the Condominium brought the instant motion *after* having received payment on the Illegitimate Judgment, the Condominium neglected to account for the additional funds it received from Defendant as a result of the Illegitimate Judgment, and therefore is claiming an entitlement to a sum of money beyond what it can possibly actually be owed.

9. In defense of its decision to "sua sponte" determine that Defendant was not entitled to a setoff on its judgment, the Condominium alleges that it believed the setoff figure to represent only the Undisclosed Tax Credit, which it claims had already been applied to Defendant's account at the time the judgment was awarded. *Peck Aff.* ¶46, *Exh. A* p 71 ln 5- p 72 ln

---

[1] Defined terms will have the same meanings ascribed to them in the Peck Aff., the Ross Aff, and the Statement.

24.

10. But the Court never articulated that the setoff figure was to only account for the Undisclosed Tax Credit. To the contrary, the Court *still* determined that a setoff need be applied to the judgment *seven months after* it had asked the Condominium to furnish proof of the building's receipt of the Undisclosed Tax Credit at a hearing on February 10, 2020. *Peck Aff. Exh. J.*

11. Regardless, the even if the Condominium was correct in its allegation that the setoff was representative only of the Undisclosed Tax Credit, the Condominium has still failed to provide competent proof (by way of copies of invoices issued to Defendant in or around June through December of 2015) that the Undisclosed Tax Credit was ever even applied to Defendant's account, no less in its full amount.

12. Based on the foregoing, it is indisputable that the additional monies paid by Defendant as a result of the Illegitimate Judgment must be accounted for in any award which this Court may issue to the Condominium.

13. The amount of Defendant's additional monies of which the Condominium is presently in receipt can only be discerned through additional discovery. As such, summary judgment must be denied at this premature stage, when it still remains to be determined the true amount of Defendant's arrears (if any).

B. **Defendant's Affirmative Defenses**

14. Under CPLR 3211(b) a party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit. Nevertheless, this is a drastic remedy that should not be granted where there is any doubt regarding whether the affirmative defense is viable. *See New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 323 (1995) (holding that "it was error to dismiss the affirmative defense at this early pleading stage of the litigation, because plaintiff had yet to establish that the affirmative defense was meritless as a

3

matter of law"); *Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 (2nd Dept. 2008) ("Upon a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed")

15. Here, Defendant has alleged several meritorious affirmative defenses to the allegations against him in this early-stage action, which raise material questions of fact and should be permitted to remain through trial (or at the *very* least while discovery remains pending).

16. For instance, Defendant's third, fourth and eighth affirmative defenses are predicated upon the Condominium's failure to provide Defendant with a proper accounting of his charges, as a result of which he believes them to be overstated. Certainly, the interests of equity would not require that Defendant provide "blind" payments for (presumably overstated) charges assessed by the Condominium, without an appropriate breakdown of the charges, and an explanation for same.

17. Furthermore, the Condominium's attempt at dismissal of plaintiff's sixth affirmative defense for failure to state a cause of action is impermissible as a matter of law. Courts have long held that a motion to strike such a defense "amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim." *Lewis v. U.S. Bank Nat'l Ass'n*, 186 A.D.3d 694, 697 (2nd Dept. 2020); see also *Jacob Marion, LLC v. Jones*, 168 A.D.3d 1043, 1044 (2nd Dept. 2019).

18. As a result of all the foregoing, it is clear that Defendant has raised several issues of fact in his Counterclaim and affirmative defenses. For this reason, together with the many remaining issues of fact present in the Condominium's own claims, summary judgment should be denied.

**WHEREFORE**, based on the foregoing, it is respectfully requested that this Court deny

the Condominium's Motion for Summary Judgment in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 29, 2022

                                                       /s/ Ethan A. Kobre

                                                        **ETHAN A. KOBRE**