SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
WILMINGTON SAVINGS FUND SOCIETY,           Index No.: 850022/2020
FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE            **VERFIED ANSWER**
FOR PRETIUM MORTGAGE ACQUISITION TRUST,

                            Plaintiffs,

     -against-

IAN PECK, SIGIFREDO LAVERDE, HILTON
HEADS HOLDINGS BV, WORKERS'
COMPENSATION BOARD OF NEW YORK
STATE, PETER TOKAR, BOARD OF MANAGERS
OF THE 5 EAST 17TH STREET CONDOMINIUM,
"JOHN DOE #1" through "JOHN DOE #10" inclusive,
the names of the ten last named Defendants being
fictitious, real names unknown to the Plaintiff, the
parties intended being persons or corporations having
an interest in, or tenants or persons in possession of,
portions of the mortgaged premises described
in the Complaint,

                            Defendants.
-----------------------------------------------------------------------x

       PLEASE TAKE NOTICE that IAN PECK appears by his attorney, JACK L LESTER, ESQ. answers and counterclaims as follows:

       1.     Defendant denies the allegations set forth in paragraphs "1", "3", "4", "5", "6", "7", "8", "9", "10a", "10b", "10c", "11", "12", "13", "14", "15", "17", "18", "19" and "21".

       2.     Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs "16" and "20."

       3.     Defendant admits the allegation contained in paragraph "2" except denies that the Complaint sets forth any viable cause of action.

**AS AND FOR A FIRST AFFIRMATIVE DEFNESE**

1

4. Plaintiff has breached, violated and in all respects failed to comply with a Loan Modification Agreement ("Agreement") annexed hereto as Exhibit "A". Plaintiff's failure to comply with the Agreement must result in a dismissal of this proceeding.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Plaintiff has failed to state a cause of action cognizable in law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. Plaintiff has assigned the mortgage contrary to law and public policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. Plaintiff lacks standing to maintain this action.

## AS AND FOR A FIFTH AFFIMRATINVE DEFENSE

8. Plaintiff has failed to disclose the terms of the mortgage loan modification, which resolves the issues in this proceeding. As such, Plaintiff is in violation of the Truth in Lending Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFNENSE

9. Plaintiff has failed to plead the performance or occurrence of conditions precedent in accordance with the Agreement in contrary to law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. Plaintiff has failed to comply with the disclosure requirements of 12. C.F.R. Section 226.9.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

11. The mortgage transaction is void for fraud.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12. The mortgage transaction alleged in the Complaint is void based upon the Plaintiff's failure to allege with specificity, the prior Agreement. Additionally, the transaction

2

alleged are void for unconscionability, inadequate disclosure, interest rate manipulation and/or predatory lending.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13. The Documents referred to in the Complaint are inadequate, fails to disclose the prior Agreement and are either missing, incomplete, defective and/or evidentiary inadmissible and therefore incompetent.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFFNSE

14. Plaintiff was unjustly enriched as a result of the mortgage at issue in this proceeding.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

15. Plaintiff is guilty of misrepresentation in failing to disclose the prior Agreement or to allege any breach of the prior Agreement.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff sold the mortgage without authority, contrary to law and express and implied agreements.

### AS AND FOR A FOURTHEENTH AFFIRMATIVE DEFENSE

17. Plaintiff has not been lawfully delegated the authority to commence this proceeding.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18. This proceeding was not served upon defendants in accordance with lawful procedure and therefore the Court lacks jurisdiction. Plaintiff failed to serve Defendant personally and failed to properly execute "nail and mail" service. Plaintiff alleges that the Summons and Complaint was attached to the door of Defendant's residence, however, access can only be

obtained to Defendant's residence through a private elevator. No process was ever attached to any door, nor is a door described in the Affidavit of Service.

### COUNTERCLAIM

19. As a result of the fraud, unjust enrichment, misrepresentation and illegal acts as aforesaid, Defendant is entitled to monetary damages as determined by the Court.

WHEREFORE, Defendant respectfully requests judgment against Plaintiff as follows:

(A) Based upon Affirmative Defenses dismissing the Complaint:

(B) Granting Defendant costs, disbursements, and attorneys' fees in connection with this action; and

(C) Granting such other and further relief as this Court may deem just and proper.

Dated: July 6, 2020
New York, New York

/s/ Jack L. Lester
JACK L. LESTER, ESQ.
*Attorney for Defendant*
41 Squaw Road
East Hampton, NY 11937
631-604-2228

TO: Richard F Komosinski, Esq. (*via efile*)
KNUCKLES, KOMOSINSKI, & MANFRO, LLP.
*Attorneys for Plaintiff*
565 Taxter Road Suite 590
Elmsford, NY 10523
914-345-3020

4

## VERIFICATION

STATE OF NEW YORK ) 
) ss.: 
COUNTY OF NEW YORK )

IAN PECK, being duly sworn, deposes and says:

Deponent has read the foregoing Verified Answer, Affirmative Defense and Counterclaim, and knows the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, deponent believes them to be true.

_____
IAN PECK

Sworn to before me on this
8th day of July, 2020

_____
Notary Public

DIDIER IRABIZI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01IR6374844
Qualified in Suffolk County
Term expires May 7, 2022