UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>        Petitioner,<br><br>  -against-<br><br>IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; PATRIOT CREDIT COMPANY, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>        Respondents. | Civil Action No. 23-cv-4143(JHR) |
| IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>        Petitioners,<br><br>  -against-<br><br>GARY GREENBERG; ART FUND III LLC; COLORADO ART HOLDINGS LLC; GB FUND LLC; LOANS ON FINE ART LLC; and LOTUS INVESTMENT CORP.,<br><br>        Respondents. | Civil Action No. 23-cv-5717 |

**LOANS ON FINE ART LLC'S MOTION FOR REINSTATEMENT OF
<u>TELECONFERENCE AND/OR ENTRY OF JUDGMENT</u>**

| | |
|---|---|
| **BLUESTONE, P.C.**<br>M. Zachary Bluestone<br>52 Duane Street, Suite 900<br>New York, NY 10007<br>(646) 970-7712<br>mzb@bluestonelaw.com | **NATHAN A. HOLCOMB ESQ., PC**<br>Nathan A. Holcomb<br>125 Park Avenue, 25th Floor<br>New York, NY 10017<br>(646) 819-0303<br>nholcomb@holcombpc.com |

The Court has adopted Judge Willis's report and recommendation in its entirety in April 2024, but has yet to issue a final judgment and order of attachment. Despite having won the underlying arbitration award in April 2023, Petitioner Loans on Fine Art LLC has been unable to intervene in two separate proceedings seeking the foreclosure on Respondent Ian Peck's properties, conduct post-judgment discovery, or undertake any enforcement efforts because it has no final judgment. Accordingly, and for the reasons stated below, Petitioner respectfully requests that the Court reinstate the teleconference previously scheduled for May 29, 2024, as a status conference, or alternatively that the Court enter judgment on an expedited basis, so that the prior orders of this Court can be effectuated and are not rendered moot.

More specifically:

1. Loans on Fine Art LLC's ("LoFA") motion to confirm its $7.2 million arbitration award has been pending for more than a year, since May 18, 2023 (ECF No. 1), but no judgment has been issued.

2. On February 2, 2024, after much litigation, Magistrate Judge Willis recommended that the arbitration award be confirmed and that a writ of attachment be issued as to Defendant Ian S. Peck's condominium at 5 East 17th Street, Unit 5, New York, NY 10003 (the "Property"). ECF No. 47.

3. Magistrate Judge Willis found that absent an order of attachment, LoFA would not be able to assert a claim as to any surplus proceeds from the sale of the Property, which is currently in foreclosure proceedings. ECF No. 47 at 18. *See Wilmington Savings Fund Society FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust v. Ian Peck et al.*, No. 850022/2020 (Sup. Ct. N.Y.) (hereinafter, the "Foreclosure Proceeding").

1

4. On March 31, 2024, the Court adopted Judge Willis's report and recommendation in its entirety "for reasons that will follow." ECF No. 59. However, the judgment and order of attachment have not been issued, and the delay in obtaining a judgment and order of attachment is significantly prejudicing LoFA.

5. On April 18, 2024, LoFA moved to intervene in the Foreclosure Proceeding on the basis that this Court had confirmed the arbitration award, with the aim of securing its priority among various creditors in line. *See* Foreclosure Proceeding, NYSCEF Doc. Nos. 110-116. On May 10, 2024, the Supreme Court for New York County denied LoFA's motion for intervention, finding that LoFA was "not a judgment creditor, much less one with a docketed judgment in New York County." ECF 61-1. The court further noted that LoFA's "claim that an order of attachment on the mortgaged property has issued is not supported by the orders annexed to the moving papers…and [a]s such, [LoFA] is neither a necessary nor permissible party in [the Foreclosure Proceeding]." ECF 61-1, 2. Those "papers" submitted by Plaintiff in the Foreclosure Proceeding included Judge Willis's report and recommendation and this Court's order adopting it in its entirety. *See* Foreclosure Proceeding, NYSCEF at Doc. Nos. 112-115.

6. Further, the court in the Foreclosure Proceeding set a briefing schedule on the plaintiff/mortgagee's motion for final foreclosure judgment, which includes a return date of May 29, 2024.

7. Based on the foregoing, LoFA filed an Emergency Motion for Entry of Judgment on May 14, 2024. ECF No. 61. The Court then ordered LoFA to file a proposed judgment consistent with the Report and Recommendation. ECF No. 62.

8. LoFA filed a proposed judgment and order of attachment the next day. ECF No. 65.

9. Respondents filed a letter objecting to certain aspects of the proposed judgment and order of attachment, which LoFA rebutted. ECF Nos. 66-68.

10. On May 27, 2024, and considering the deadlines in the Foreclosure Proceeding, the Court scheduled a teleconference to be held on May 29, 2024, to address its adoption of the Report and Recommendation. ECF No. 69.

11. On the day of the teleconference, however, the Court cancelled the teleconference stating in an e-mail: "The Court has prepared written rulings that will issue shortly. Accordingly, the conference scheduled for this afternoon is adjourned *sine die*."

12. Nearly a month later, no such written rulings have been issued.

13. Without a judgment or an attachment order there is no lien for LoFA to record to secure its rights in the Property and, as the court in the Foreclosure Proceeding noted, without a docketed judgment, LoFA has none of the protections or remedies afforded to judgment creditors under Article 53 of the CPLR.

14. Thus, entry of a judgment and order of attachment in this action is necessary for LoFA to enforce the award it obtained more than a year ago.

**WHEREFORE**, LoFA respectfully requests that the Court:

a. Reinstate the teleconference previously scheduled for May 29, 2024, or, in the alternative:

b. Issue an order pursuant to 9 U.S.C. § 9 confirming the arbitration award dated April 5, 2023, issued by Arbitrator Kenneth M. Kramer of JAMS;

c. Enter judgment thereon pursuant to 9 U.S.C. § 13 and substantially in the form as the proposed judgment at ECF No. 65;

d. Award pre-judgment interest up to the date of the judgment;

e. Issue an order of attachment as to the Property substantially in the form as the proposed order of attachment at ECF No. 65; and

f. Award LoFA such further relief as the Court deems just and proper.

Dated: June 25, 2024

Respectfully Submitted,

By: */s/ Nathan A. Holcomb*
    Nathan A. Holcomb

M. Zachary Bluestone
**BLUESTONE, P.C.**
52 Duane Street, Suite 900
New York, NY 10007
(646) 970-7712
mzb@bluestonelaw.com

**NATHAN A. HOLCOMB ESQ., PC**
125 Park Ave., 25th Floor
New York, NY 10017
(646) 819-0303
nholcomb@holcombpc.com

*Attorneys for Petitioner*
*Loans on Fine Art LLC*