UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>                            Petitioner,<br><br>    -against-<br><br>IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; PATRIOT CREDIT COMPANY, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                            Respondents. | Civil Action No. 23-cv-4143(JHR) |
| IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                            Petitioners,<br><br>    -against-<br><br>GARY GREENBERG; ART FUND III LLC; COLORADO ART HOLDINGS LLC; GB FUND LLC; LOANS ON FINE ART LLC; and LOTUS INVESTMENT CORP.,<br><br>                            Respondents. | Civil Action No. 23-cv-5717 |

**LOANS ON FINE ART LLC'S**
**<u>SECOND EMERGENCY MOTION FOR ENTRY OF JUDGMENT</u>**

| | |
|---|---|
| **BLUESTONE, P.C.**<br>M. Zachary Bluestone<br>52 Duane Street, Suite 900<br>New York, NY 10007<br>(646) 970-7712<br>mzb@bluestonelaw.com | **NATHAN A. HOLCOMB ESQ., PC**<br>Nathan A. Holcomb<br>125 Park Avenue, 25th Floor<br>New York, NY 10017<br>(646) 819-0303<br>nholcomb@holcombpc.com |

0

The Court adopted Judge Willis's report and recommendation in its entirety in April 2024, but has yet to issue a final judgment and order of attachment. Just a month ago, while Petitioner continued to wait for entry of a final judgment, Respondent Peck fraudulently transferred the Property outside of the reach of his creditors and gave a $4.5 million mortgage to a seemingly insider mortgagee. As described below, the absence of a judgment has severely prejudiced Petitioner, as Petitioner has been denied its right to enforce the May 2023 arbitration award and will now have to expend significant additional resources to avoid the fraudulent transfer and mortgage. Accordingly, and for the reasons stated below, Petitioner respectfully requests that judgment be entered on an expedited basis, such that the orders of this Court can be effectuated and Petitioner will be able to enforce its rights under Article 53 of the CPLR.

More specifically:

1. Loans on Fine Art LLC's ("LoFA" or "Petitioner") motion to confirm its $7.2 million arbitration award has been pending for more than a year, since May 18, 2023 (ECF No. 1), but no judgment has been issued.

2. On February 2, 2024, after much litigation, Magistrate Judge Willis recommended that the arbitration award be confirmed and that a writ of attachment be issued as to Respondent Ian S. Peck's condominium at 5 East 17th Street, Unit 5, New York, NY 10003 (the "Property"). ECF No. 47.

3. Concerned about LoFA's ability to recover on its award absent entry of an order of attachment, Magistrate Judge Willis concluded an order of attachment was merited to allow LoFA to assert a claim as to any surplus proceeds from the sale of the Property, which was in foreclosure proceedings at the time. ECF No. 47 at 18, 21. *See Wilmington Savings Fund Society FSB, d/b/a*

1

*Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust v. Ian Peck et al.*, No. 850022/2020 (Sup. Ct. N.Y.) (hereinafter, the "Foreclosure Proceeding").

4. Further, Judge Willis found that an order of attachment was necessary as Peck admitted he intended to reinstate the loan and/or further encumber the Property through refinancing, which would hinder Petitioner's recovery efforts. ECF No. 47 at 21-22.

5. On March 31, 2024, the Court adopted Judge Willis's report and recommendation in its entirety "for reasons that will follow." ECF No. 59. However, the judgment and order of attachment have not been issued, and the delay in obtaining a judgment and order of attachment is significantly prejudicing LoFA.

6. On April 18, 2024, LoFA moved to intervene in the Foreclosure Proceeding on the basis that this Court had confirmed the arbitration award, with the aim of securing its priority among various creditors in line. *See* Foreclosure Proceeding, NYSCEF Doc. Nos. 110-116. On May 10, 2024, the Supreme Court for New York County denied LoFA's motion for intervention, finding that LoFA was "not a judgment creditor, much less one with a docketed judgment in New York County." ECF 61-1. The court also noted that LoFA's "claim that an order of attachment on the mortgaged property has issued is not supported by the orders annexed to the moving papers…and [a]s such, [LoFA] is neither a necessary nor permissible party in [the Foreclosure Proceeding]." ECF 61-1, 2. Those "papers" submitted by Plaintiff in the Foreclosure Proceeding included Judge Willis's report and recommendation and this Court's order adopting it in its entirety. *See* Foreclosure Proceeding, NYSCEF at Doc. Nos. 112-115.

7. Based on the foregoing, LoFA filed an Emergency Motion for Entry of Judgment on May 14, 2024. ECF No. 61. The Court then ordered LoFA to file a proposed judgment consistent with the Report and Recommendation. ECF No. 62.

8. LoFA filed a proposed judgment and order of attachment the next day. ECF No. 65.

9. Respondents filed a letter objecting to certain aspects of the proposed judgment and order of attachment, which LoFA rebutted. ECF Nos. 66-68.

10. On May 27, 2024, and considering the deadlines in the Foreclosure Proceeding, the Court scheduled a teleconference to be held on May 29, 2024, to address its adoption of the Report and Recommendation. ECF No. 69.

11. On the day of the teleconference, however, the Court cancelled the teleconference stating in an e-mail: "The Court has prepared written rulings that will issue shortly. Accordingly, the conference scheduled for this afternoon is adjourned *sine die*."

12. Nearly four months later, no such written rulings have been issued.

13. On June 21, 2024, the Foreclosure Action was discontinued after Peck followed through with his plan to have the mortgage on the Property reinstated—one of the concerns that prompted Judge Willis to recommend entry of an order of attachment. *See* Foreclosure Action, NYSCEF Doc. No. 134.

14. Then, on or about August 13, 2024, unbeknownst to LoFA at the time, Respondent Peck transferred the Property to Union Flatiron, LLC, a Wyoming limited liability company that Respondent Peck formed on July 2, 2024, and for which Peck serves as the sole member. A true and correct copy of the deed, which was recorded on August 20, 2024, is attached as **Exhibit 1**.

15. The Property was transferred for no consideration. *Id*.

16. Peck fraudulently transferred the Property despite Petitioner having filed and recorded a Notice of Pendency concerning the Property. ECF No. 60.

17. At the same time, Respondent Peck (through Union Flatiron) gave a $4.5 million mortgage to First Funding, Inc. A true and correct copy of the mortgage agreement is attached as **Exhibit 2**.

18. First Funding, Inc. is also a Wyoming corporation, formed in July 2022, and which does not have a website or LinkedIn page, has not been involved in any litigation, has no principal place of business, and does not seem to have any legitimate business activity. The only information available in the public domain is that its registered agent is Capital Administrations LLC.

19. Based on Peck's long history of defrauding his creditors, Petitioner suspects First Funding, Inc. is Peck's insider and his latest attempt to squirrel away his remaining assets.

20. Without a judgment or an attachment order there is no lien for LoFA to record to secure its rights in the Property and, as the court in the Foreclosure Proceeding noted, without a docketed judgment, LoFA has none of the protections or remedies afforded to judgment creditors under Article 53 of the CPLR.

21. The lack of final judgment prevented Petitioner from executing against the Property and will now have to expend additional time and resources to avoid the transfer and encumbrance. In short, the delay in judgment being rendered has allowed Peck to continue his fraud in complete derogation of Judge Willis's Report and Recommendation and as ordered to be adopted by this Court.

22. Thus, entry of a judgment and order of attachment in this action is necessary for LoFA to enforce the award it obtained more than a year ago.

**WHEREFORE**, LoFA respectfully requests that the Court:

a. Issue an order pursuant to 9 U.S.C. § 9 confirming the arbitration award dated April 5, 2023, issued by Arbitrator Kenneth M. Kramer of JAMS;

b. Enter judgment thereon pursuant to 9 U.S.C. § 13 and substantially in the form as the proposed judgment at ECF No. 65;

c. Award pre-judgment interest up to the date of the judgment;

d. Issue an order of attachment as to the Property substantially in the form as the proposed order of attachment at ECF No. 65; and

e. Award LoFA such further relief as the Court deems just and proper.

Dated: September 24, 2024                                           Respectfully Submitted,

By: /s/ M. Zachary Bluestone
M. Zachary Bluestone

**BLUESTONE, P.C.**
52 Duane Street, Suite 900
New York, NY 10007
(646) 970-7712
mzb@bluestonelaw.com

Nathan A. Holcomb
**NATHAN A. HOLCOMB ESQ., PC**
125 Park Ave., 25th Floor
New York, NY 10017
(646) 819-0303
nholcomb@holcombpc.com

*Attorneys for Petitioner*
*Loans on Fine Art LLC*