UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>                      Petitioner,<br>                  -v.-<br><br>IAN S. PECK, ACG ARRANGEMENT SERVICES LLC, ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, PATRIOT CREDIT COMPANY LLC, and PEGASUS CREDIT COMPANY LLC,<br><br>                      Respondents. | OPINION & ORDER<br><br>23 Civ. 04143 (JHR) (JW) |
| IAN S. PECK, ACG ARRANGEMENT SERVICES LLC, ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, PATRIOT CREDIT COMPANY LLC, and PEGASUS CREDIT COMPANY LLC,<br><br>                      Counter-Petitioners,<br>                  -v.-<br><br>GARY GREENBERG, ART FUND III LLC, COLORADO ART HOLDINGS LLC, GB FUND LLC, LOANS ON FINE ART LLC, and LOTUS INVESTMENT CORP.,<br><br>                      Counter-Respondents. | 23 Civ. 05717 (JHR) (JW) |

JENNIFER H. REARDEN, District Judge:

      This action arises out of a $7,198,960.30 arbitral award (the "Award") issued by JAMS arbitrator Kenneth Kramer (the "Arbitrator"). The Award was rendered in favor of Loans on Fine Art LLC, Gary Greenberg, Art Fund III LLC, Colorado Art Holdings LLC, GB Fund LLC, and Lotus Investment Corp. (collectively, the "Greenberg Parties"), against Ian S. Peck, ACG Arrangement Services LLC, AGC Capital Company, LLC, Modern Art Services, LLC, Patriot Credit Company LLC, and Pegasus Credit Company LLC (collectively, the "Peck Parties"). Loans on Fine Art LLC, the assignee of the Greenberg Parties' interests in the Award, filed a petition to confirm the Award (the "Petition"). *See* ECF No. 6. The Peck Parties opposed the

Petition and cross-moved to vacate the Award.[1]  *See* ECF No. 9.

The Court referred the parties' dueling motions and related applications to Magistrate Judge Jennifer Willis, who issued a Report and Recommendation (the "R&R") recommending, *inter alia*, that the Petition be granted and that the cross-motion to vacate be denied.  *See* ECF No. 47.  The Peck Parties have filed objections to the Report.  *See* ECF No. 53.  "Because the [Peck Parties] largely recycle[] arguments that [they] made before Judge [Willis] and Judge [Willis's] thorough and well-reasoned Report and Recommendation does not contain clear error, [Loans on Fine Art LLC's] petition to confirm the arbitration award is GRANTED, [the Peck Parties'] motion to vacate the arbitration award is DENIED, and the [] Award is CONFIRMED."  *Pioneer Navigation Ltd. v. Chem. Equip. Labs, Inc.*, No. 19 Civ. 2938 (GHW), 2020 WL 1031082, at *1 (S.D.N.Y. Mar. 3, 2020).

## DISCUSSION

"The Court refers the reader to the Report and Recommendation for the background of the case, the facts, and the applicable law.  In view of [the Peck Parties'] objections, the Court sets forth the following brief analysis."  *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *1 (S.D.N.Y. Nov. 23, 2011).

### I.  Legal Standards

**A.    Objections to a Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[1] Patriot Credit Company LLC did not join the cross-motion to vacate.  For the reasons set forth in Loans on Fine Art LLC's papers, however, Patriot Credit is not exempt from a judgment by this Court.  *See, e.g.*, ECF No. 58 at 7.  Accordingly, notwithstanding Patriot Credit's non-movant status, any references to the "Peck Parties" in this Opinion & Order and in the corresponding Judgment include Patriot Credit.

judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  "Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation." *Babcock v. Heath*, No. 11 Civ. 4631 (KMK), 2014 WL 4979448, at *3 (S.D.N.Y. Oct. 3, 2014).  "These objections must be . . . filed 'within 14 days.'" *Id.* (alterations omitted) (quoting Fed. R. Civ. P. 72(b)(2)).  The objections also "must be 'specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12 Civ. 4502 (ALC), 2020 WL 898215, at *2 (S.D.N.Y. Feb. 25, 2020) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*." *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013) (citing *Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998)).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (quoting *Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002))).  "In clear error review, the Court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Rodriguez v. Colvin*, No. 12 Civ. 931 (RJS), 2014 WL 5038410, at *4 (S.D.N.Y.

Sept. 29, 2014) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)). This heightened standard is applied because "'[i]t is improper for an objecting party to attempt to relitigate' arguments made 'before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments.'" *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817 (AT), 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)), *aff'd*, 16 F.4th 1070 (2d Cir. 2021). Indeed, "[o]bjections of this sort . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal. The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Shad v. Zachter PLLC*, No. 23 Civ. 10724 (GHW), 2024 WL 2061703, at *2 (S.D.N.Y. May 3, 2024) (quoting *Vega*, 2002 WL 31174466, at *1).

"As to portions of an R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any 'clear error on the face of the record' that precludes acceptance of the recommendations." *Belen v. Colvin*, No. 14 Civ. 6898 (PGG), 2020 WL 3056451, at *3 (S.D.N.Y. June 9, 2020) (quoting *Wingate v. Bloomberg*, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011)); *see also* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

B.   **Vacating an Arbitration Award**

"Vacatur of arbitral awards is extremely rare, and justifiably so." *Hamerslough v. Hipple*, No. 10 Civ. 3056 (NRB), 2012 WL 5290318, at *3 (S.D.N.Y. Oct. 25, 2012). "The purpose of arbitration is to enhance efficiency and avoid costly, protracted litigation." *Id*. "To interfere with this process would frustrate the intent of the parties, and thwart the usefulness of

arbitration, making it 'the commencement, not the end, of litigation.'" *Id.* (quoting *Dufuerco Int'l Steel Trading Co. v. T. Klaveness Shipping A/S,* 333 F.3d 383, 389 (2d Cir. 2003)). "As a result, the power of a court to overturn an arbitration award is almost nonexistent." *Barzelatto v. Spire Sec.*, LLC, No. 19 Civ. 6238 (CM), 2019 WL 8889865, at *3 (S.D.N.Y. Nov. 5, 2019); *see also Aksman v. Greenwich Quantitative Rsch. LP*, 563 F. Supp. 3d 139, 149 (S.D.N.Y. 2021) ("Judicial review of such awards is 'severely limited, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" (quoting *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins.*, 668 F.3d 60, 71-72 (2d Cir. 2012))).

In keeping with the above, "[a] party seeking to vacate an arbitral award faces an imposing standard of review." *Aksman*, 563 F. Supp. 3d at 149; *accord ACP Inv. Grp., LLC v. Blake*, No. 15 Civ. 9364 (JPO), 2016 WL 5947290, at *2 (S.D.N.Y. Oct. 13, 2016) ("[A] court's review of an arbitration award is one of the narrowest standards of judicial review in all of American jurisprudence." (citation omitted)). "It is not enough for [a] petitioner[] to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). The petitioner "'bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by' the Federal Arbitration Act ('FAA')." *NYKCool A.B. v. Pac. Fruit, Inc.*, 507 F. App'x 83, 85 (2d Cir. 2013) (quoting *Duferco Int'l Steel Trading*, 333 F.3d at 388). Pursuant to Section 10(a) of the FAA, these circumstances include, *inter alia*, (1) "where the award was procured by corruption, fraud, or undue means," 9 U.S.C. § 10(a)(1); and (2) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence

5

pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," *id.* § 10(a)(3).

"In addition to the [foregoing] statutory grounds set forth in the FAA, the Second Circuit has recognize[d] that a court may vacate an arbitration award rendered in 'manifest disregard' of the law." *Rai v. Barclays Cap. Inc.*, 739 F. Supp. 2d 364, 370 (S.D.N.Y. 2010), *aff'd*, 456 F. App'x 8 (2d Cir. 2011). "Vacatur of an arbitral award for manifest disregard of the law 'is a doctrine of last resort,' reserved for 'those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *Aksman*, 563 F. Supp. 3d at 150 (quoting *Duferco Int'l Steel Trading*, 333 F.3d at 389). "Manifest disregard of the law 'means more than error or misunderstanding with respect to the law.'" *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)). "To satisfy the manifest disregard standard, the movant must show that the arbitrators 'willfully flouted' governing law, and the reviewing court must make 'an objective determination' that the arbitrators disregarded a well-defined and clearly applicable legal principle." *Park Lane IBS, LLC v. Unbnd Grp. Pty Ltd.*, No. 23 Civ. 8620 (PKC), 2024 WL 4123515, at *6 (S.D.N.Y. Sept. 9, 2024) (quoting *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021)). "An arbitrator's decision cannot be vacated on the basis of manifest disregard if there is even a 'barely colorable justification for the outcome reached.'" *Glob. Gold Min., LLC v. Ayvazian*, 612 F. App'x 11, 14 (2d Cir. 2015) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)); *see also Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) ("[T]he doctrine [of manifest disregard] 'gives extreme deference to arbitrators.'" (quoting *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir. 1997))).

## II. The Peck Parties' Objections

A.  **Cross-Motion to Vacate**

In seeking to vacate the Award, the Peck Parties present two main objections to the R&R. First, they assert that the R&R "[e]rred in finding that the Arbitrator complied with §§ 10(a)(1) & (a)(3) of the Federal Arbitration Act." ECF No. 53 at 16. Second, they argue that "[c]ontrary to the R&R, the Arbitrator [] manifestly disregarded the law." *Id.* at 20. "Ultimately, the [Peck Parties] have failed to meet the very high burden necessary to avoid confirmation of the Award." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 878 F. Supp. 2d 459, 465 (S.D.N.Y. 2012).

**1.  Section 10(a) of the Federal Arbitration Act**

In pressing their first objection, the Peck Parties contend that "the Arbitrator violated §§ 10(a)(1) & (a)(3) of the Federal Arbitration Act by 'refusing to hear evidence pertinent and material to the controversy' and allowing [the Greenberg Parties] to procure the Award through 'corruption, fraud or undue means.'" ECF No. 53 at 16. "Th[is] 'objection' to the Report and Recommendation is simply a rehashing of arguments presented to Judge [Willis]." *Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5; *see, e.g.*, ECF No. 9 at 2 (in Peck Parties' cross-motion to vacate presented to Judge Willis, arguing that "the Award should be vacated under § 10(a)(3) [because] . . . . the Arbitrator closed his eyes and ears to the evidence and instead perversely credited [the Greenberg Parties' expert witness's] inflated, unlawful appraisal as the basis for his damages award"); ECF No. 9 at 15 (urging in cross-motion to vacate that "[the Greenberg Parties' expert witness's] 2021 Appraisal was procured by fraud," in violation of § 10(a)(1)); ECF No. 40 at 11 (maintaining at conference before Judge Willis that "the circumstances and the facts that [the Peck Parties] assembled even with what [they] have should

give the Court pause as to enforcing an award on the grounds of Section 10(a)(3) and 10(a)(1)"). "Such objections warrant only clear error review." *Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5; *see Indymac Bank, F.S.B.*, 2008 WL 4810043, at *1; *Ortiz*, 558 F. Supp. 2d at 451; *Vega*, 2002 WL 31174466, at *1. "In rejecting [the Peck Parties'] challenges, Judge [Willis] cited the arbitration record extensively and applied the correct legal standards to determine whether the [A]rbitrator . . . committed misconduct in refusing to hear evidence [and in whether the Award was procured by fraud]." *Kellner v. Amazon*, No. 20 Civ. 6322 (AMD), 2022 WL 912683, at *2 (E.D.N.Y. Mar. 29, 2022), *aff'd*, No. 22-734, 2023 WL 2230288 (2d Cir. Feb. 27, 2023); *see, e.g.*, ECF No. 47 at 9-11 (R&R thoroughly addressing Peck Parties' argument that "this Court [should] . . . vacate the Arbitration Award under Section 10(a) of the FAA").

In sum, "[t]he Court has reviewed Judge [Willis's] thorough Report and Recommendation and concludes that it does not contain clear error." *Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5.

**2. Manifest Disregard of the Law**

The Peck Parties' second objection—*viz.*, "the R&R [] mistakenly finds that, in issuing the Award, the Arbitrator did not manifestly disregard the law," ECF No. 53 at 3—fares no better. In support of this objection, the Peck Parties advance three principal arguments: (1) "the Arbitrator disregarded the merger clause in the settlement agreement," *id.* at 18; (2) "[t]he Arbitrator disregarded black-letter law that a plaintiff bears the burden of proving a specific amount of alleged damages," *id.* at 20; and (3) "[t]he Arbitrator disregarded black-letter law that breach of contract damages cannot put the plaintiff in a better position than if the contract had been performed," *id.* at 22.

8

"Those arguments . . . were [previously raised by the Peck Parties and] thoroughly addressed by the Magistrate Judge." *Ecoline, Inc. v. Loc. Union No. 12 of Int'l Ass'n of Heat & Frost Insulations & Asbestos Workers AFL-CIO*, No. 05 Civ. 2661 (DLI), 2006 WL 2524179, at *1 (E.D.N.Y. Aug. 30, 2006), *aff'd sub nom. Ecoline, Inc. v. Loc. Union No. 12 of Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, AFL-CIO*, 271 F. App'x 70 (2d Cir. 2008); *see, e.g.*, ECF No. 9 at 19, 21, 23 (in Peck Parties' cross-motion to vacate, arguing that "[t]he Arbitrator ignored the merger clause in the settlement agreement"; "[t]he Arbitrator ignored black-letter law that a plaintiff bears the burden of proving a specific amount of alleged damages"; and "[t]he Arbitrator ignored black-letter law that breach of contract damages cannot put the plaintiff in a better position than if the contract had been performed"); ECF No. 47 at 8, 12-17 (R&R comprehensively analyzing the aforementioned arguments). "[The Peck Parties] offer[] no new arguments or research warranting modification of the Report [and Recommendation]." *Ecoline, Inc.*, 2006 WL 2524179, at *1. "Thus, the appropriate standard of review is for clear error." *Id.*

"The same conclusion would apply even if the Court reviewed Judge [Willis's] conclusions under a *de novo* standard of review." *Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5. "Judge [Willis] employed the proper legal standards, accurately recited the facts, and correctly applied the law to the facts." *Id.* Indeed, far from "'willfully flout[ing]' governing law" or displaying "some egregious impropriety," *Park Lane IBS, LLC*, 2024 WL 4123515, at *6 (quoting *Seneca Nation of Indians*, 988 F.3d at 626), "[i]t is clear from the [Arbitrator's] decision that [he] was aware of[] and applied [the merger clause], [and properly considered] the applicable the law on [damages]," *Pioneer Navigation Ltd.*, 2020 WL 1031082, at *5. "[The Peck Parties] may disagree with [the Arbitrator's] application of [the merger clause and of] th[e]

9

law to the facts of this case." *Id.* "But that is not enough to show, as [the Peck Parties] must, that the [Arbitrator] manifestly disregarded the law." *Id.* "Accordingly, even reviewing that decision *de novo*, [the Peck Parties'] arguments do not succeed." *Id.*

### B. Order of Attachment

To the extent the Peck Parties continue to object to the R&R's recommendation that an order of attachment be issued, the Court need not, and will not, address those objections. "Attachment is a 'provisional remedy,' which, by definition, is only available *before* judgment is entered." *Doolim Corp. v. R Doll, LLC*, No. 08 Civ. 1587 (BSJ) (HBP), 2009 WL 1514913, at *8 (S.D.N.Y. May 29, 2009) (emphasis added) (citation omitted); N.Y. C.P.L.R. 6211(a) (order of attachment may be granted "at any time prior to judgment."); *Remedy*, Black's Law Dictionary (12th ed. 2024) (defining "provisional remedy" as "[a] temporary remedy awarded *before* judgment and pending the action's disposition, *such as . . . an attachment*" (emphases added)). "[B]ecause the Court is directing the Clerk of the Court to enter judgment for the [Award], [the Peck Parties' objections] appear to be moot." *Gesualdi v. Scara-Mix, Inc.*, No. 14 Civ. 765 (JS), 2017 WL 5564673, at *10 (E.D.N.Y. Nov. 17, 2017); *cf., e.g.*, *Citibank, N.A. v. Aralpa Holdings Ltd.*, No. 22 Civ. 8842 (JLR), 2023 WL 5971144, at *18 (S.D.N.Y. Sept. 14, 2023) ("Having concluded that [petitioner] is entitled to judgment[,] . . . and since judgment will be entered forthwith, the motion for an attachment prior to judgment is denied as moot.").

"Further, Rule 69 of the Federal Rules of Civil Procedure and New York law separately provide post-judgment enforcement mechanisms." *Grp. One Ltd. v. GTE GmbH*, No. 20 Civ. 2205 (MKB) (JRC), 2023 WL 8472798, at *2 (E.D.N.Y. Sept. 15, 2023); *see, e.g.*, Fed. R. Civ. P. 69 (statute governing the enforcement of money judgments). "At this stage, these post-judgment mechanisms are the more appropriate vehicles for [Loans on Fine Art LLC] to ensure

10

it can collect the judgment." *Grp. One Ltd.*, 2023 WL 8472798, at *2. "With the forthcoming judgment in hand, [Loans on Fine Art LLC] can pursue the appropriate enforcement mechanisms under [federal and] New York law." *Gesualdi*, 2017 WL 5564673, at *10.

In view of the foregoing, an order of attachment will not issue as part of the Court's judgment in this action.

### III. Loans on Fine Art LLC's Petition to Confirm the Award

#### A. Confirmation of the Award

"As noted above, [Loans on Fine Art LLC] ha[s] []moved for confirmation of the [A]ward." *Elnenaey v. Fid. Brokerage Servs., LLC*, No. 23 Civ. 6970 (ER), 2024 WL 3675947, at *8 (S.D.N.Y. Aug. 6, 2024). "Courts in the Southern District have held that 'upon the denial of a motion for vacatur, the Court must confirm an arbitration award.'" *Cowin Tech. Co. v. Amazon.com Servs., LLC*, No. 23 Civ. 3054 (ALC), 2024 WL 1076542, at *7 (S.D.N.Y. Mar. 12, 2024); *accord Beljakovic v. Melohn Properties, Inc.*, No. 04 Civ. 3694 (JMF), 2012 WL 5429438, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 542 F. App'x 72 (2d Cir. 2013); *see also* 9 U.S.C. § 9 ("[T]he court must grant [an order seeking confirmation] unless the award is vacated, modified, or corrected[.]"). "Here, [Loans on Fine Art LLC's] motion to confirm the Award [is] granted, as the Court finds no grounds on which the Award should be vacated." *Beljakovic*, 2012 WL 5429438, at *4.

#### B. Interest

##### 1. Post-Award Pre-Judgment Interest

"Having confirmed the [Arbitrator's] Award, the Court must determine whether to allow post-award, pre-judgment interest, and if so, at what rate." *Summers Lab'ys, Inc. v. Shionogi Inc.*, No. 19 Civ. 2754 (AT), 2020 WL 423400, at *7 (S.D.N.Y. Jan. 27, 2020). "New York law

governs prejudgment interest here, both because this is a diversity case and because New York law governs the parties' arbitration agreement." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 290 (S.D.N.Y. 2010); *In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005) ("In diversity actions, interest is to be calculated according to the statutory rate prescribed by the law governing the contract."); *see* ECF Nos. 54-2 at 3, 54-12 at 8, 54-14 at 3, 57-3 at 22 (Award and parties' submissions in underlying arbitration proceedings citing New York law).

"Post-award pre-judgment interest . . . is mandatory under New York law." *Sayigh v. Pier 59 Studios, L.P.*, No. 11 Civ. 1453 (RA), 2015 WL 997692, at *13 (S.D.N.Y. Mar. 5, 2015). Pursuant to N.Y. C.P.L.R. 5002, "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. 5002. "The arbitration award here is a 'verdict, report or decision,' as contemplated by CPLR § . . . 5002." *Ganfer & Shore, LLP v. Witham*, No. 10 Civ. 4075 (DAB) (KNF), 2011 WL 321151, at *7 (S.D.N.Y. Jan. 6, 2011). "Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand for it in the complaint." *Sayigh*, 2015 WL 997692, at *13 (quoting *Goldberger v. Fischer,* 54 A.D.3d 955, 956 (2d Dep't 2008)); *see also Sayigh*, 2015 WL 997692, at *13 ("CPLR § 5002 'provides for automatic entry of post-decision interest by the Clerk of the Court[.]'" (citation omitted)). As to the applicable rate, "New York law sets the rate of prejudgment interest at nine percent." *UiPath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 Civ. 7835 (LGS), 2024 WL 2853620, at *4 (S.D.N.Y. June 4, 2024); *see* N.Y. C.P.L.R. 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."). "Accordingly, [Loans on Fine Art LLC] is

awarded post-award pre-judgment interest at a rate of 9 percent per annum from the date of the [Award] to the date of the judgment." *Summers Lab'ys, Inc. v. Shionogi Inc.*, No. 19 Civ. 2754 (AT), 2020 WL 423400, at *7 (S.D.N.Y. Jan. 27, 2020).

### 2. Post-Judgment Interest

"Pursuant to 28 U.S.C. § 1961, 'the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alterations omitted) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). "Section 1961 applies to actions to confirm arbitration [awards]." *Access Bio, Inc. v. Div. 5 Labs, Inc.*, No. 23 Civ. 4820 (LGS), 2023 WL 7103305, at *3 (S.D.N.Y. Oct. 27, 2023); *see, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004) ("There is no question but that the post-judgment interest awarded in this case was mandatory under § 1961."); *accord N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020). With respect to the governing rate, "post-judgment interest shall be computed at 'a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding' the date of judgment." *In re Arb. at N.Y. Under Rules of Soc'y of Mar. Arbs., Inc. between IMC Mar. Grp., Inc. & Russian Farm Cmty. Project*, No. 04 Civ. 3154 (RMB), 2004 WL 2914099, at *6 (S.D.N.Y. Dec. 14, 2004) (quoting 28 U.S.C. § 1961), *aff'd sub nom. IMC Mar. Grp., Inc. v. Russian Farm Cmty. Project*, 167 F. App'x 845 (2d Cir. 2006). Accordingly, "the Court awards [Loans on Fine Art LLC] interest accruing from the date of judgment until [the Peck Parties] ha[ve] satisfied the judgment at the federal rate specified in 28 U.S.C. § 1961(a)." *Trividia Health, Inc. v. Nipro Corp.*, No. 20 Civ. 8450 (VEC), 2022 WL 1744701, at *4 (S.D.N.Y. May

31, 2022).

The Peck Parties have "not show[n] any reason why the mandatory post-award pre-judgment and post-judgment interest rates should not apply here." *Ganfer & Shore, LLP*, 2011 WL 321151, at *7. "Therefore, [Loans on Fine Art LLC] is entitled to: (i) pre-judgment interest from the date of the arbitration award, [April 5, 2023], to the entry of the final judgment, at the annual rate of nine percent; and (ii) post-judgment interest, from the entry of the final judgment in this action, until it is paid, at the rate provided in 28 U.S.C. § 1961(a)." *Id.*

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Jennifer Willis's thorough and well-reasoned Report and Recommendation. Loans on Fine Art LLC's petition to confirm the Award is GRANTED, the Peck Parties' cross-motion to vacate the Award is DENIED, and the Award is CONFIRMED.

The Clerk of Court is directed to enter judgment in favor of Loans on Fine Art LLC. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: October 29, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge