UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>                          Petitioner,<br><br>     -against-<br><br>IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; PATRIOT CREDIT COMPANY, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                        Respondents. | Civil Action No. 23-cv-4143(JHR) |
| IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                        Petitioners,<br><br>     -against-<br><br>GARY GREENBERG; ART FUND III LLC; COLORADO ART HOLDINGS LLC; GB FUND LLC; LOANS ON FINE ART LLC; and LOTUS INVESTMENT CORP.,<br><br>                        Respondents. | Civil Action No. 23-cv-5717 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER/JUDGMENT CREDITOR
LOANS ON FINE ART LLC'S
<u>MOTION TO DISSOLVE THE RULE 62 AUTOMATIC STAY</u>**

**BLUESTONE, P.C.**
M. Zachary Bluestone
52 Duane Street, Suite 900
New York, NY 10007
(646) 970-7712
mzb@bluestonelaw.com

# **TABLE OF AUHTORITIES**

**Cases**

*Allstar Marketing Group, LLC v. 123 Beads Store*,
    No 19-cv-3184 (AJN), 2020 U.S. Dist. LEXIS 181011 (S.D.N.Y. Sept. 30, 2020) ........... 1

*Cengage Learning, Inc. v. Ilelisevych*,
    No. 18-cv-7382 (VM), 2021 U.S. Dist. LEXIS 40688 (S.D.N.Y. March 3, 2021) ............ 1

*Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC*,
    No. 15 Civ. 9857, 2020 U.S. Dist. LEXIS 40421 (S.D.N.Y. Mar. 9, 2020) ........................ 4

**Rules**

FED. R. CIV. P. 62(a) (2024) ....................................................................................................... 1

Petitioner/Judgment Creditor Loans on Fine Art, LLC ("LoFA"), respectfully requests the Court enter an order dissolving the automatic stay imposed by Rule 62(a) of the Federal Rules of Civil Procedure and, in support thereof, states as follows:

1. On October 29, 2024, the Court confirmed the arbitration award and entered final judgment for $8,216,084.64, plus post-judgment interest, in favor of LoFA and against Respondents/Judgment Debtors Ian S. Peck; ACG Arrangement Services, LLC; ACG Capital Company, LLC; Modern Art Services, LLC; Patriot Credit Company, LLC; and Pegasus Credit Company, LLC (collectively, "Judgment Debtors").

2. Rule 62(a) of the Federal Rules of Civil Procedure provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." FED. R. CIV. P. 62(a) (2024).

3. LoFA requests that the Court allow for "immediate enforcement of the judgment in this case, which Rule 62 explicitly grants [the] Court authority to order." *Allstar Marketing Group, LLC v. 123 Beads Store*, No. 19-cv-3184 (AJN), 2020 U.S. Dist. LEXIS 181011 (S.D.N.Y. Sept. 30, 2020); *Cengage Learning, Inc. v. Ilelisevych*, No. 18-cv-7382 (VM), 2021 U.S. Dist. LEXIS 40688, *49 (S.D.N.Y. March 3, 2021).

4. The Advisory Committee's Notes to Rule 62(a) expressly recognize the Court's ability to dissolve the automatic stay and provide that "one reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated." *Id.* (quoting Fed. R. Civ. P. 62(a), Advisory Committee's Notes (2018)).

5. Here, the dissipation of the Judgment Debtors' assets is not just a risk—it is a reality.

6. For example, on or about August 13, 2024, unbeknownst to LoFA at the time, and during the pendency of this action, Judgment Debtor Peck transferred valuable real property located at 5 East 17th Street, Unit 5, New York, NY 10003 (the "Property") to Union Flatiron, LLC. *See* ECF No. 72-1 (Deed).

7. Union Flatiron, LLC is a Wyoming limited liability company that Respondent Peck formed on July 2, 2024, and for which Peck serves as the sole member. *See* ECF No. 72-2, 39 (Mortgage Agreement signed by Peck as "Sole Member and Authorized Signatory" of Union Flatiron LLC).

8. The Property was transferred for no consideration. ECF No. 72-1.

9. Peck fraudulently transferred the Property despite LoFA having previously filed and recorded a Notice of Pendency concerning the Property. ECF No. 60.

10. At the same time, Peck (through Union Flatiron) gave a $4.5 million mortgage to First Funding, Inc. ECF No. 72-2.

11. First Funding, Inc. is also a Wyoming corporation, formed in July 2022, and which does not have a website or LinkedIn page, has not been involved in any litigation, has no principal place of business, and does not seem to have any legitimate business activity. The only information available in the public domain is that its registered agent is Capital Administrations LLC.

12. Based on Peck's long history of defrauding his creditors, Petitioner suspects First Funding, Inc. is Peck's insider and his latest attempt to squirrel away and improperly encumber his remaining assets.

13. Moreover, Magistrate Judge Willis made extensive findings about Peck's past history of defrauding his creditors, and it was that long history, in part, which led Magistrate Judge

Willis to recommend that an order of attachment be issued as to the Property. For example, Magistrate Judge Willis wrote:

> Considering the totality of the circumstances presented, this Court believes that Mr. Peck's own admission shows a desire to, at the very least, encumber the property through refinancing. Dkt. No. 42 at 22-23. . . .
>
> Here, the Greenberg Parties have credibly articulated a troubling history with the Property, noting that by Mr. Peck's admission that he has no savings accounts and closed his checking account in August 2020, so he has no account from which to pay for maintenance of the Property. Dkt. No. 25 at 22; Dkt. No. 27, Ex. 3. Further, rental income from the Property allegedly goes through Pegasus Credit Company (a Respondent in this action) and is directly paid to Mr. Peck's wife, keeping proceeds out of reach of creditors. Dkt. No. 25 at 22; Dkt. No. 27 ¶ 47.
>
> Finally, the instant dispute raises a specter of fraudulent intent. . . . Further, the arbitrator concluded that "it is hard to imagine a case where [the Peck Parties'] unclean hands could be more obvious." *Id.* This sequence of events, coupled with Mr. Peck's desire to refinance the Property with new lenders, is sufficient to satisfy N.Y. C.P.L.R. 6201(3).

ECF No. 47, 21-22 (Report and Recommendation).

14. Indeed, LoFA's and Magistrate Judge Willis's concerns that Peck would refinance the Property to the detriment of his judgment creditors were realized and surpassed. Not only did Peck follow through with the refinancing of the Property (which led to the dismissal of the foreclosure proceeding), but he took it a step further and transferred the Property to a sham entity to place the Property outside of the reach of his creditors, including LoFA.

15. The brazen fraudulent transfer, together with Peck's long history of defrauding his creditors[1], is sufficient for this Court to justify the dissolution of the automatic stay imposed under Rule 62. Failing to dissolve the stay would give Judgment Debtors an additional 30-day window

---

[1] Peck's history of defrauding, delaying, and hindering his judgment creditors is fully set forth in the Memorandum of Law in Support of LoFA's Motion for an Order of Attachment (ECF No. 25, 19-23) and the Affidavit of Gary Greenberg in Support of LoFA's Motion for an Order of Attachment (ECF No. 27), which are incorporated by reference herein.

in which to continue to conceal and dissipate their assets to LoFA's detriment. The Court should not facilitate Judgment Debtors' fraudulent and evasive tactics.

**WHEREFORE**, LoFA respectfully requests the Court enter an order dissolving the automatic stay under Federal Rule of Civil Procedure 62(a), authorizing LoFA to enforce and execute on its Judgment immediately, and instructing the Clerk's office to issue an abstract of judgment for recording in other courts.

Dated: October 31, 2024

Respectfully Submitted,

By: */s/ M. Zachary Bluestone*
    M. Zachary Bluestone

**BLUESTONE, P.C.**
52 Duane Street, Suite 900
New York, NY 10007
(646) 970-7712
mzb@bluestonelaw.com

*Attorneys for Petitioner*
*Loans on Fine Art LLC*

4