UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>        Petitioner,<br><br>      -v.-<br><br>IAN S. PECK, ACG ARRANGEMENT SERVICES LLC, ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, PATRIOT CREDIT COMPANY LLC, and PEGASUS CREDIT COMPANY LLC,<br><br>        Respondents. | ORDER<br><br>23 Civ. 04143 (JHR) (JW) |
| IAN S. PECK, ACG ARRANGEMENT SERVICES LLC, ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, PATRIOT CREDIT COMPANY LLC, and PEGASUS CREDIT COMPANY LLC,<br><br>        Counter-Petitioners,<br><br>      -v.-<br><br>GARY GREENBERG, ART FUND III LLC, COLORADO ART HOLDINGS LLC, GB FUND LLC, LOANS ON FINE ART LLC, and LOTUS INVESTMENT CORP.,<br><br>        Counter-Respondents. | 23 Civ. 05717 (JHR) (JW) |

JENNIFER H. REARDEN, District Judge:

  On October 29, 2024, the Court granted Petitioner's amended petition to confirm an arbitration award of $8,216,084.64, plus post-judgment interest (the "Award"), against Respondents and entered judgment for Petitioner. ECF No. 74 (Judgment). Before the Court is Petitioner's motion to dissolve the automatic stay of proceedings, pursuant to Rule 62 of the

Federal Rules of Civil Procedure, to execute or enforce the Court's Amended Judgment.[1]  ECF No. 79 (Mot.).

"[E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  "Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay.  One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated."  Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment; *see also Allstar Mktg. Grp., LLC v. 158*, 18 Civ. 4101 (GHW), 2019 WL 3936879, at *4 n.6 (S.D.N.Y. Aug. 20, 2019) ("[I]f a plaintiff is concerned that defendants might attempt to conceal assets during the pendency of the automatic stay, it should include a dissolution of that stay as part of the relief requested in its proposed judgment.").  "Whether to dissolve a Rule 62(a) stay is a matter of the court's discretion."  *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 Civ. 9221 (KPF), 2022 WL 16908278, at *1 (S.D.N.Y. Oct. 28, 2022).

Dissolution of the Rule 62(a) stay is warranted to prevent Respondent Ian S. Peck from "dissipat[ing]" his "assets."  Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment.  According to Petitioner, "on or about August 13, 2024, unbeknownst to [Petitioner] at the time, and during the pendency of this action, . . . Peck transferred valuable real property located at 5 East 17th Street, Unit 5, New York, NY 10003 (the 'Property') to Union Flatiron LLC," ECF No. 80 (Br.) at ¶ 6, "for no consideration," *id*. at ¶ 8.  Petitioner contends that "Union Flatiron, LLC is a Wyoming limited liability company that . . . Peck formed on July 7, 2024," *id*. at ¶ 7,

---

[1] On November 14, 2024, Petitioner moved to amend the Judgment.  ECF No. 88 (Mot. to Correct Judgment).  On November 19, 2024, the Court granted the motion, ECF No. 90 (Order), and entered an Amended Judgment, ECF No. 91 (Amended Judgment).  The Court treats Petitioner's motion to dissolve the automatic stay as seeking to dissolve the stay of proceedings to enforce the Amended Judgment.

barely a month before transferring the Property (on August 13, 2024) and while this case was pending, *id*. at ¶ 6.  Petitioner further maintains that, on the same day that the Property was transferred, "Union Flatiron, LLC[,] . . . for which Peck serves as the sole member," *id*., took out "a $4.5 million mortgage" on it, *id*. at ¶ 10.  Peck acknowledges that the transfer and mortgage of the Property occurred during the pendency of this case.  *See* ECF No. 84 (Opp.) at ¶ 6 ("Peck has done . . . [a] refinance of the mortgage for [the Property] . . . ."); *id* at ¶ 10 ("Peck transferred ownership of [the Property] to Union Flatiron LLC . . . ."); ECF No. 85 (Decl. of Steven Lucht) at ¶ 4 ("[O]n about August 13, 2024, [Union Flatiron] LLC and the Lender entered into a credit line and mortgage security agreement . . . wherein the Lender made available $4,500,000.00 to [Union Flatiron] LLC . . . ."); *id* at ¶ 8 ("The [Property] was transferred from Peck's name to [Union Flatiron] LLC on or about August 13, 2024, and the [mortgage] [a]greement was entered into the same day.").  "The timing of the transactions, as well as the [alleged] minimal consideration offered for the [Property], suggest that the transfer [and the mortgage] w[ere] not made for genuine business purposes."  *Qin*, 2022 WL 16908278, at *1.

       This account aligns with Magistrate Judge Jennifer E. Willis's findings in the Report and Recommendation, which this Court accepted and adopted.  *See* Amended Judgment at 2; *see also* ECF No. 73 (Opinion) at 9 ("Judge [Willis] . . . accurately recited the facts . . . ." (alteration in original)).  Specifically, Magistrate Judge Willis found that "Peck[] . . . shows a desire to, at the very least, encumber the property through refinancing."  ECF No. 47 (Report and Recommendation) at 21.  The Report and Recommendation also stated that rental income from the Property was "directly paid to Mr. Peck's wife, keeping proceeds out of reach of creditors," and that "the arbitrator concluded that it is hard to imagine a case where [Respondents'] unclean hands could be more obvious."  *Id*. at 22–23 (internal quotation marks omitted).

Based on the foregoing, "the Court finds that there is a well-founded risk that [Peck] is concealing or will conceal assets to avoid collection of the [Amended] [J]udgment if the Rule 62(a) stay is not dissolved." *Qin*, 2022 WL 16908278, at *1 (dissolving Rule 62(a) stay where "Petitioners suggest that Respondent . . . moved valuable assets to insulate them from a potential judgment in [ ] the underlying arbitration . . . for only ten dollars . . . shortly after the underlying arbitration was commenced . . . [and] Respondent ha[d] not contested those allegations"); *see also Moonbug Ent. Ltd. v. A20688*, 21 Civ. 4313 (VM), 2022 WL 1239586, at *5 (S.D.N.Y. Apr. 26, 2022) (granting request to dissolve automatic stay "to prevent the Defaulting Defendants from potentially hiding their assets during this time"); *Mattel, Inc. v. Www.fisher-price.online*, No. 21 Civ. 9608 (LJL), at 32 (S.D.N.Y. Jul. 18, 2022) (dissolving automatic stay where Plaintiff asserted that "the automatic stay . . . provide[s] Defendant a thirty-day window to conceal and dissipate its assets"); *Allstar Mktg. Grp., LLC v. 123 Beads Store*, No. 19 Civ. 3184 (AJN), 2020 WL 5836423, at *7 (S.D.N.Y. Sept. 30, 2020) (similar).

It is hereby ORDERED that the automatic stay imposed by Federal Rule of Civil Procedure 62(a) is dissolved. Petitioner is permitted to immediately enforce the Amended Judgment. The Clerk of Court is directed to terminate ECF No. 79.

SO ORDERED.

Dated: November 20, 2024
New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge