**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
LOANS ON FINE ART, LLC,

        Petitioner/Judgment Creditor,　　　　　**ORDER**

        -against-　　　　　**23-CV-4143 (JHR) (JW)**

IAN S. PECK, *et al.*,

        Respondents/Judgment Debtors.

------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On October 10, 2025, the parties attended a status conference on the outstanding post-judgment discovery motions and sanctions motion before this Court. That same day, the Court ordered, *inter alia*, Respondents "to complete outstanding requests for production" and "to respond to deficiencies that have been identified by Petitioner and make corrections to the interrogatories by **5:00pm on October 20, 2025**." Dkt. No. 157.

On October 21, 2025, Petitioners alerted the Court that Respondents failed to comply with the October 10th order and as such, moved to compel Respondents to complete their outstanding requests for productions and respond to deficiencies in their interrogatories. Dkt. No. 159. Petitioner contends that two and a half hours before Respondents' production deadline, Respondents "indicated they would not comply with the Court's order absent entry of a protective order." Id. Because of Respondents' failure to comply with the October 10th order, Petitioners requested the following: (1) that Respondents provide a complete production and discovery

responses with three days of the Court's order, (2) that Peck's deposition on October 30 proceed, and (3) that Peck appear for a second deposition within 30 days of Respondents fully complying with Petitioner's discovery requests. Id. Petitioner also requested sanctions and to hold Respondents in contempt for failure to comply with the Court's October 10th order. Id.

On October 22, 2025, Respondents responded that "[w]hat has been produced is what counsel to Defendants have been able to obtain to date, after substantial effort, which is ongoing." Dkt. No. 161. Respondents asserted that they requested a confidentiality order because the documents contained Mr. Peck's tax returns and banking information. Id. Respondents also stated that Mr. Peck recently contracted Lyme disease and that he "has been directed by his doctor not to undergo stressful activities in light of his symptoms." Id. As such, Respondents requested additional time to complete their discovery obligations, adjourn Peck's October 30 deposition, and "conduct a deposition of Mr. Peck in a month or so, or earlier, when his condition improves." Id.

Although the Court finds that Respondents have failed to comply with her October 10th order "to complete outstanding requests for production" and "to respond to deficiencies that have been identified by Petitioner and make corrections to the interrogatories by 5:00pm on October 20, 2025," the Court understands that Respondents are making a concerted effort to comply with their discovery obligations. As such, the Court **GRANTS** Respondents' request for additional time to complete

2

any outstanding requests for production and to respond to deficiencies identified by Petitioner regarding interrogatory responses. Respondents have until **5:00 PM on October 31, 2025** to complete their discovery obligations and are warned that failure to comply with the Courts' order for the second time sharply increases Respondents' chances of being sanctioned and/or being held in contempt.

Given the personally sensitive financial and personal information within these documents, the Court **GRANTS** Respondents' request for a protective order. The parties are to comply with § III.D. of the undersigned's individual rules. An executed protective order must be filed by **9:00 AM on October 27, 2025**.

The Court **GRANTS** Petitioner's request to proceed with Mr. Peck's deposition on October 30, 2025. Mr. Peck must also appear for a second deposition within thirty days of Respondents' full compliance with Petitioner's discovery requests. While the Court always takes health concerns seriously, the Court would be remiss not to mention that Mr. Peck's doctor's note, which is dated October 21, 2025, asserts that Mr. Peck was evaluated on September 2, 2025. Since September 2, the parties have appeared before the Court twice. Each time, Mr. Peck's deposition was discussed at length. As such, the Court is confused as to why Respondents waited until the eleventh hour to raise such an issue. Further, Mr. Peck's doctor's note does not state the anticipated duration of his treatment or a timeframe for recovery. To that end, the Court directs the deposition to move forward, but for the parties to make appropriate accommodations for Mr. Peck during his deposition.

Lastly, the Court **DENIES** Petitioner's request for sanctions and to hold Respondents in contempt for failing to comply with the October 10th order at this time.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 101 and 116.**

SO ORDERED.

DATED:    New York, New York
               October 23, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge