**Einhorn Barbarito**
ATTORNEYS AT LAW

4 Campus Drive | Suite 300 | PO Box 169 | Parsippany, NJ 07054
p 973.627.7300 | f 973.627.0869 | www.einhornlawyers.com

---

> These requests are DENIED as untimely. Mr. Selch waived his right to object by failing to respond to the subpoena within 30 days of service on May 16, 2025. To the extent Mr. Selch is moving the Court to reconsider the September 4, 2025 order at Dkt. No. 146, that too is untimely.
>
> The Clerk of Court is respectfully requested to close Dkt. Nos. 159 and 164.
>
> SO ORDERED.
>
> _Jennifer E. Willis_
> JENNIFER E. WILLIS
> United States Magistrate Judge
> October 28, 2025

---

October 24, 2025

<u>Via ECF</u>
Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, NY 10007
WillisNYSDChambers@nysd.uscourts.gov

Re:   **Non-Party Gregory Selch's Letter Motion re: Loans on Fine Arts LLC**
      ***Loans on Fine Art LLC v. Ian S. Peck*** (S.D.N.Y.)

Dear Judge Willis:

This firm represents non-party Gregory Selch in the above-referenced action. This letter motion is being submitted pursuant to Rule 37.2 of the Local Rules of the Southern District of New York and Rule II(A) of Your Honor's Individual Rules and Procedures to request an informal conference to address Mr. Selch's opposition to the subpoena he received in this action (the "Subpoena," a copy of which is attached hereto). I conferred with counsel for Loan on Fine Arts LLC ("LOFA") by telephone about this issue earlier today, October 24, 2025, and we were unable to reach a resolution.

I was provided a transcript of a hearing before this Court on September 2, 2025, in which the Court denied a previous motion to quash the subpoena against Mr. Selch submitted by Ian Peck ("Mr. Peck"), ACG Arrangement Services, ACG Capital Company, LLC, Modern Art Services, LLC and Pegasus Credit Company LLC ("Respondents" and, as defined by LOFA, "Judgment Debtors"). Based on the transcript of the proceedings, it appears the Court did not reach the merits of the motion as against Mr. Selch and denied it based on standing because the motion was not filed by Mr. Selch directly. Mr. Selch requests the opportunity to file a motion to have those arguments heard on their merits.

The subpoena issued by Petitioner to Gregory Selch in connection with this matter is overly broad, unduly burdensome and seeks privileged information outside the scope of permissible post-judgment discovery. Mr. Selch respectfully requests that the Court quash the subpoena in question and prevent the public disclosure of private and protected financial records, contracts, and other

---

October 24, 2025
Page 2

information pertaining to Mr. Selch's private business and/or relationships which are unrelated to the claims at issue. In the alternative, Mr. Selch requests that the Court issue a protective order limiting the scope of the subpoena and deposition.

**I.     The Subpoena is Overbroad and Makes Irrelevant and Burdensome Demands.**

The Subpoena at issue requires Mr. Selch to produce a vaguely-defined and overly broad set of documents and to appear for a deposition in relation to, *inter alia*, twenty-six individuals and entities, including Mr. Peck's ex-wife and his minor children, in addition to six Judgment Debtors, over a five-year period. See Subpoena at Schedule A. This is a classic "fishing expedition" that would be expensive and time-consuming for Mr. Selch to respond to.

The Subpoena includes requests for "All Documents" or "Documents sufficient" to ascertain broad concepts such as Mr. Selch's "relationship with any and all of the Judgment Debtors." See Subpoena at ¶ 2. The subpoena does not define "relationship," and "All Documents" is defined as an extremely numerous list including "any and all records or other tangible forms of expression, including communications. . .  whether such documents are drafts or unfinished versions. . .  and shall include, without limitation, all letters, drafts of all letters, memoranda, papers, faxes, reports, telephone logs, notes or records of conversations, of meetings, diaries, calendars, appointment books, files, minutes, summaries, records, analyses, plans, correspondence, ledger sheets, schedules, invoices, account statements, wires, telegrams, e-mail, electronically stored information ("ESI"), contracts, agreements, date books, work sheets, working papers, bills, records of payment, magnetic tape, tape recordings, disks, diskettes, disk packs, other electronic media. . .  microfilm, storage devices, notices message slips photographs and videotapes." See Subpoena at Schedule A. In today's technological age, requiring Mr. Selch to investigate every unfinished draft, calendar entry, or personal note potentially relating to his "relationship" with multiple entities would be extremely time consuming, especially for someone with no interest in this action who has been accused of no wrong-doing. Furthermore, such blanket requests for "all documents" are plainly overbroad and impermissible. Morocho v. Stars Jewelry by The A Jeweler Corp., 345 F.R.D. 292, 294 (S.D.N.Y. 2024).

There has been no indication Mr. Selch and Mr. Peck share interest in any of the named entities, nor attempt to tailor the Subpoena to such entities, nor attempt to tailor the areas of inquiry to documents and information likely to provide relevant information or avoid unnecessary burden. For any entities owned or operated by the Judgment Debtors, LOFA should put the burden of providing any relevant financial transactions directly on them rather than an unrelated non-party. Conversely, for any entities where that is not the case LOFA has no basis to demand such financial records. There is no reason why Mr. Selch's records unrelated to the Judgment Debtors should be implicated in this litigation, or why testimony should be provided concerning topics and relationships untethered to any direct connection with Respondent Peck or any Judgment Debtor.

**II.    The Subpoena is Overbroad and Seeks Information that is Irrelevant and Private and/or Privileged**

October 24, 2025
Page 3

      The Subpoena further seeks privileged and confidential information in which Mr. Selch has a privacy interest, including records from his financial institutions which include account holder information and account numbers. In addition, the subpoena problematically seeks documents, defined as any and all of the records listed above, that identify transactions between Mr. Selch and non-Party individuals identified as alleged "Related Entities," including non-party minor(s). The weight of Mr. Selch's privacy interest in this information weighs against disclosure. Any such records between Mr. Selch and other non-parties are clearly not relevant to identifying the Judgment Debtor's assets. Further, if any relevant documents exist as they relate to assets held by the Judgment Debtors, such information can be gleaned from other sources, including the records of the Judgment Debtors themselves.

      The Subpoena also demands sensitive information for which Mr. Selch has a clear privacy interest, such as broad information relating to his personal investments. Even requests directly related to financial transactions with the Judgment Debtors go too far, such as directly demanding Mr. Selch's personal tax documents as well as his personal "account information," rather than simply the account information of the relevant parties to this action. See Subpoena at ¶ 11(v).

      Moreover, records of financial transactions made by multiple Judgment Debtors over a five-year period could be easily obtained from those debtors themselves, or from their financial institutions, without causing unnecessary time and expense to a non-party. In effect, LOFA seems to have decided to treat Mr. Selch as an unofficial Judgment Debtor rather than his actual status, which is that of a witness against whom no claims have been made.

      To that end, Mr. Selch requests the Court hold an informal conference to quash the subpoena against Mr. Selch, enter a protective order, and/or require LOFA to show its legitimate basis for the requested deposition.

      Thank you for your consideration.

Very truly yours,

EINHORN, BARBARITO, FROST, BOTWINICK,
NUNN & MUSMANNO, P.C.

By: _____
Jacob S. Narva

Encl.: Subpoena