**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOANS ON FINE ART LLC,<br><br>                Petitioner/Judgment Creditor,<br><br>    -against-<br><br>IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; PATRIOT CREDIT COMPANY, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                Respondents/Judgment Debtors; | Civil Action No. 23-cv-4143(JHR) |
| IAN S. PECK; ACG ARRANGEMENT SERVICES, LLC; ACG CAPITAL COMPANY, LLC; MODERN ART SERVICES, LLC; and PEGASUS CREDIT COMPANY, LLC,<br><br>                Petitioners,<br><br>    -against-<br><br>GARY GREENBERG; ART FUND III LLC; COLORADO ART HOLDINGS LLC; GB FUND LLC; LOANS ON FINE ART LLC; and LOTUS INVESTMENT CORP.,<br>                Respondents. | Civil Action No. 23-cv-5717 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS AWARDED AS RULE 11 SANCTIONS PURSUANT TO THE COURT'S OCTOBER 10, 2025 ORDER**

1

Petitioner/Judgment Creditor Loans on Fine Art, LLC ("LoFA") and Bluestone, P.C. ("Bluestone") respectfully submit this memorandum of law in support of their application for reasonable attorneys' fees and costs awarded pursuant to this Court's October 10, 2025 order (the "Order") (Dkt. No. 157). The Court imposed sanctions on Ethan Kobre and the Law Firm of Schwartz Sladkus Reich Greenberg Atlas LLP (the "Law Firm") for making unsupported accusations of misconduct against Bluestone in a hearing and in several filings. The Court awarded sanctions and instructed Petitioner to "submit the required documentation for the court to determine the sanctions amount by 5:00 PM on October 30, 2025." *Id*. LoFA and Bluestone submit their application through the accompanying declaration of M. Zachary Bluestone (the "Bluestone Decl.") and its attached exhibits, as well as this memorandum that provides legal support for the reasonableness of the requested amount of fees and costs (totaling $26,584.99) as a matter of law.

I.  **APPLICABLE LAW**

   A.  **The Second Circuit Applies the "Presumptively Reasonable Fee" Standard To Calculate Attorneys' Fees**

As a general matter, district courts exercise broad discretion in determining whether attorneys' fees and costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In deciding the amount of fees to award, the Second Circuit applies the "presumptively reasonable fee" standard. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elec.*, 522 F.3d 182, 190 (2d Cir. 2008). This standard requires the district court to consider "case-specific variables" that are relevant to the reasonableness of attorneys' fees, including the attorneys' reasonable hourly rate, whether the time spent was "reasonably expended," and additional factors indicating "what a reasonable, paying client would be willing to pay." *Id.* at 184, 190.

1.  **The "Presumptively Reasonable" Hourly Rate Is Determined According to the Market Rates of Similarly Situated Lawyers**

In determining what a "presumptively reasonable" hourly rate is, district courts "generally use the hourly rates employed in the district in which the reviewing court sits." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). These rates should be "current rather than historic hourly rates." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks and citations omitted).

2.  **Courts Apply Reasonable Hourly Rates When Counsel is on Contingency Fee**

LoFA and Bluestone's fee arrangement includes a contingency fee, plus a discounted hourly rate. As a result, this Court should set the reasonable rate for time spent by Bluestone attorneys and paralegals based on the market rate for New York City, because the "relevant community for fee determination is the judicial district in which the trial court sits [] in this case, the Southern District of New York." *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 85 (S.D.N.Y. 1994) (applying market rate when sanctions awarded and counsel on contingency fee arrangement.") (citations omitted). "Generally, courts have concluded that the amount of a reasonable attorneys' fee award, in contexts analogous to Rule 37 sanctions, should be determined without reference to any private agreement between client and counsel." *National Lawyers Guild v. Attorney Gen.*, 94 F.R.D. 616, 618 (S.D.N.Y. 1982) (citations omitted) ("defendants should pay to plaintiff an amount equal to the number of attorney and paralegal hours spent bringing the sanctions motion multiplied by a reasonable hourly fee plus expenses."); *see Mintz Fraade L. Firm,*

3

*P.C. v. Brady,* No. 19-CV-10236 (JMF), 2021 U.S. Dist. LEXIS 29610, 2021 WL 621206, at *6 (S.D.N.Y. Feb. 17, 2021) ("no merit" to argument that attorney's fees pursuant to Rule 37 sanctions are inappropriate when counsel allegedly retained on contingency basis).

Bluestone's current rates for new matters are $835 per hour for M. Zachary Bluestone, $635 for Cristina Vicens Beard, and $150 for Beth Thomas. This is consistent with the prevailing rate of attorneys doing similar work. *See Bank of Communications, New York Branch v. Ocean Dev. America, Inc.*, No. 07-CV-4628, 2014 U.S. Dist. LEXIS 168382, 2014 WL 6838502, at *3 (S.D.N.Y. Dec. 4, 2014) (ten years ago, finding rates of $485 and $450 per hour for attorneys on a fraudulent-conveyance case to be reasonable); *In re Palermo*, No. 08-CV-7421 (RPP), 2011 U.S. Dist. LEXIS 99537, 2011 WL 3874866, at *20 (S.D.N.Y. Sept. 2, 2011) (approving, thirteen years ago, rates of up to $525 per hour for attorneys at small firm, after trial of fraudulent-conveyance claim).

### 3. The Court Should Also Consider Additional Factors that Contribute to the Determination of a "Reasonable" Fee

In addition to considering the reasonable hourly rate and time reasonably spent, the court should also weigh additional factors that shape "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. These factors include "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Id.* In weighing these factors, district courts "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190.

4

### 4. The Award Amount Must Be Calculated in Reference to Time Actually Spent

Only hours "reasonably expended" are to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). Time "reasonably expended" is equivalent to the time actually spent, unless it is "excessive, redundant, or otherwise unnecessary." *Id.* at 434. To calculate "reasonably expended" hours, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal citations omitted); *see also Blue Citi, LLC v. 5Barz Int'l Inc.*, 16-cv-9027 (VEC), 2017 WL 11568966, at *6 (S.D.N.Y. Aug. 28, 2017) (providing that computer printouts, such as invoices, will suffice for the requirement of contemporaneous time records).

In addition to time expended on the main claim, courts in this district have routinely held that a "fee application is a necessary part of the award of attorney's fees," and, as such, that "a reasonable amount should be granted for time spent in applying for the award." *Nat. Res. Def. Council, Inc. v. Fox*, 129 F. Supp. 2d 666, 675 (S.D.N.Y. 2001) (quoting *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir. 1986)); *see also Black v. Nunwood, Inc.*, No. 1:13-CV-7207-GHW, 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (internal citations omitted) (noting that awards for time spent on fee applications are usually limited in comparison to fees awarded on main claims).

### B. Costs Related to the Litigation Are Routinely Recoverable

Expenses related to court filing fees, service, and shipping fees are "routinely recoverable as litigation costs." *Hancock v. I.C. System, Inc.*, 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022) (internal citations omitted) (approving plaintiff's claimed costs consisting of expenses related to filing, service, and postage); *see, e.g., Matellier v. Artex Creative International Corp.*, 687 F. Supp.

2d 347, 365 (S.D.N.Y. 2010) (explaining that costs such as the ones described above are "typically awarded").

## II. LoFA's CALCULATION OF REASONABLE ATTORNEYS' FEES AND COSTS

### A. LoFA's Attorneys' Fees Are Reasonable

The amount of attorneys' fees that Defendants seek meets the "presumptively reasonable" fee standard. As explained below, the hourly rate, hours expended, and additional factors related to timing, complexity, and burden all weigh in favor of the reasonableness of the requested fee amount.

#### 1. The Hourly Rates Applied Are Reasonable

LoFA's counsel, Bluestone, P.C.'s current rates, that are "customary billing rate[s]," are "the best evidence" of market rates. *Stock Exchs. Options Trading*, 2006 U.S. Dist. LEXIS 87825, 2006 WL 3498590, at *31 (S.D.N.Y. Dec. 4, 2006) ("In determining a reasonable rate, the Court can rely on submissions by the parties, take judicial notice of the rates awarded in other similar cases and rely on its own familiarity with prevailing market rates").

Bluestone's rates are consistent with rates charged by similar firms in specialist areas of the law. Further, Mr. Bluestone has been practicing for over 17 years and is regularly involved in complex asset recovery and fraud matters, including in recognizing and enforcing arbitration awards—which the judgment in this case is based upon—including in this Court. See (*Stati, et al v. Republic of Kazakhstan*, No 19 Misc. 382 (PAE) (S.D.N.Y. 2019) (seeking recognition and enforcement of $500 million plus arbitration award); *Menzies Middle East and Africa SA v. Republic of Niger*, No. 25 Misc 332 (S.D.N.Y. 2025) (seeking recognition and enforcement of ~$8 million arbitration award); *Townsend Farms, Inc. v. Goknur Gida Maddeleri Enerji Imalat Ithalat Ihracat Ticaret ve Sanayi A.S.*, No. 20 Misc 75 (S.D.N.Y. 2020) (recognition and enforcement of $2,700,000 California judgment). Additionally, Mr. Bluestone regularly speaks at events around

the world as to enforcement in New York, and the U.S., including through the International Bar Association, the Criminal Law Committee of CESA, Brazil, and at events in Europe and the Caribbean. *See* Bluestone Decl., at 3-4.

Ms. Vicens Beard has been practicing for 11 years, most of which have been in asset recovery, fraud litigation, arbitration award and judgment enforcement, and cross-border insolvency litigation, often with international components. She has practiced in courts throughout the country, is currently the Chair of The Florida Bar International Law Section, often lectures at the Florida International University College of Law on topics of international litigation and asset recovery, and has spoken at asset recovery conferences in the United States and abroad. She has a Bachelor's Degre from the University of Chicago, and a J.D. and L.L.M. in International Arbitration, from the University of Miami. *See* Bluestone Decl., at 5-6.

### 2.  The Number of Hours Expended Are Reasonable

LoFA's fee application seeks attorneys' fees relate to litigating its Rule 11 Sanctions Motion, addressing Respondents' misrepresentations prior to formal briefing, and preparing for and attending two in-person hearings at which the Rule 11 Sanctions Motion was addressed. LoFA also seeks fees and costs incurred in connection with preparing this fee application. The number of hours expended on these tasks is reasonable.

Because the time sought to be reimbursed is not "excessive, redundant, or otherwise unnecessary," the hours expended are reasonable and should be fully compensated. *See Hensley*, 461 U.S. at 434.

### B.  LoFA's Costs Are Reasonable

Defendants seek to recover costs in the amount of $1,411.49, consisting of costs associated with reasonable travel for in-person hearings (counsel for LoFA are based in Washington D.C. and

Miami) and for printing and related hearing preparation costs. *See* Bluestone Decl. at 9. As such expenses are "routinely recoverable as litigation costs," these costs should be recovered in their full amount. *See Hancock*, 592 F. Supp. 3d at 258.

### C.   LoFA's Total Attorneys' Fees and Costs Calculation

LoFA's total attorneys' fees and costs of $26,584.99 is explained and substantiated in Mr. Bluestone's declaration. *See* Bluestone Decl. The total reflects 24.6 attorney hours related to litigating the motions to quash (in which Mr. Kobre made the misrepresentations) and for sanctions, and costs totaling $18,959.49 (*id.*), and 8.6 attorney hours spent preparing this fee application, totaling $7,625.50 (*id.*).

### CONCLUSION

For the foregoing reasons, LoFA respectfully request that the Court award LoFA $26,584.99 in attorneys' fees and costs as Rule 11 sanctions jointly and severally against counsel Ethan Kobre and the law firm of Schwartz Sladkus Reich Greenberg Atlas LLP, pursuant to the Court's Order.

Dated: October 30, 2025                                Respectfully Submitted,

By: */s/ M. Zachary Bluestone*
M. Zachary Bluestone
Cristina Vicens Beard

**BLUESTONE, P.C.**
52 Duane Street, 7th Floor
New York, NY 10007
(646) 970-7712
mzb@bluestonelaw.com
cvb@bluestonelaw.com

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this Memorandum complies with the word-count limitation in Local Rule 7.1(c), as it contains 2,011 words excluding the caption, signature blocks, and any required certificates.

By: _/s/ M. Zachary Bluestone_
M. Zachary Bluestone