UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOANS ON FINE ART, LLC,

        Petitioner/Judgment Creditor,

        -against-

IAN S. PECK, *et al.*,

        Respondents/Judgment Debtors.

------------------------------------------------------------------X

**ORDER**

**23-CV-4143 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The parties attended a status conference on outstanding discovery disputes before this Court on October 18, 2025. For reasons more fully stated on the record, the Court orders the following:

**Discovery Disputes**

- Judgment Debtors have until **December 2, 2025** to produce supplemental documents responsive to Judgment Creditor's document requests.

- As part of that supplemental production, the Court orders that Mr. Peck file an affidavit asserting the steps he has taken to find documents within his possession, custody, and control by **December 2, 2025**. Mr. Peck's affidavit should include, but is not limited to, who he reached out to regarding these documents and what sources he searched.

- If Judgment Creditor finds that the supplemental production is still insufficient, they are to file a status letter by **December 12, 2025** outlining any insufficiencies. If the Court finds the production is indeed insufficient, the

> Court will then set a briefing schedule regarding whether coercive contempt of Mr. Peck by way of a monetary fine is appropriate.

- The parties are to meet and confer regarding Mr. Peck's deposition to set a follow-up deposition date as well as two additional reserved dates by **November 19, 2025 at 5:00 PM**. The reserved dates are meant to be on standby in the event Mr. Peck is unable to make the scheduled time because of his health.

- Third-party Mr. Selch (whose attorney is on record in this action) is ordered to respond to Judgment Creditor's requests for production by **December 2, 2025**. If Mr. Selch does not respond, the Court will contemplate coercive contempt measures.

**Motion for Attorney's Fees Regarding Sanctions**

On October 30, 2025, the Court granted Judgment Creditor's motion for sanctions against Judgment Debtor's counsel Attorney Kobre personally and against the Law Firm of Schwartz Sladkus Reich Greenberg Atlas LLP. Dkt. No. 157. The Court found that Mr. Kobre signed a declaration with misrepresentations and false statements regarding the conduct of Judgment Creditor's counsel. Id. For instance, Mr. Kobre asserted in his declaration and during discovery conferences before this Court that Judgment Creditors had falsely represented to Citibank that Mr. Peck's ex-wife held an account jointly with Mr. Peck to "induce" the banks to respond to Judgment Creditor's "illegal requests." Dkt. No. 109, 6, 10. During the October 30th

conference, Mr. Kobre also admitted that the statement submitted to this Court that "upon information from Citibank" Petitioner made a false or misleading statement, was based on an assumption rather than fact. The Court therefore found that Mr. Kobre made a false accusation against opposing counsel and filed that false accusation in a motion to this Court, without basis. Attorney Kobre's actions in this respect, as an officer of the Court, were objectively unreasonable and therefore warranted sanctions. As such, the Court ordered monetary sanctions and that Mr. Kobre complete five CLE hours in Professional Responsibility in excess of the hours required for biennial New York bar registration. Dkt. No. 157. Mr. Kobre completed his CLE credits promptly, and the parties briefed a motion for attorney's fees regarding monetary sanctions. See Dkt. No. 173 –176, 180–181.

As stated more fully on the record, the Court GRANTS in part Judgment Creditors' motion for attorney's fees in the amount of $21,584.99 for Attorney Kobre and Law Firm of Schwartz Sladkus Reich Greenberg Atlas LLP's sanctionable conduct.

Lastly, the parties are directed to order a copy of the transcript of today's proceeding and provide the Court with a copy. The cost of the transcript is to be split equally between the parties.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 173 and 179.**

SO ORDERED.

DATED:   New York, New York
         November 18, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge