**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LOANS ON FINE ART, LLC,

               Petitioner/Judgment Creditor,                 **ORDER**

                    -against-                      **23-CV-4143 (JHR) (JW)**

IAN S. PECK, *et al.*,

               Respondents/Judgment Debtors.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Judgment Creditor Loans on Fine Art, LLC ("LOFA") filed letter motions to compel third-parties JP Morgan Chase Bank, N.A. ("Chase") (see Dkt. No. 192) and Terence Doran (Dkt. No. 195) (collectively, "third parties").

    **Chase MTC.** On November 21, 2025, LOFA filed a letter motion moving to compel Chase "to produce all responsive documents to the first and second Subpoenas within 5 days of the Court's order." Dkt. No. 92. LOFA asserts that while Chase made an initial production in response to the first subpoena, it failed to produce the remaining responsive documents, including "documents relating to accounts of Judgment Debtor Patriot Credit Company, Stubbs Holdings LLC, or Art Capital Group." Id. As for the second subpoena, which sought "documents relating to a trust affiliated with Peck," LOFA asserts that Chase has not produced any documents to date.

**Terence Doran MTC.**  LOFA filed a letter motion to compel third-party Terence Doran "to appear for deposition within 14 days of its order," and for fees and costs "incurred in the deposition cancellation fee, in having to prepare this letter motion to compel, and any other fees and costs that LoFA incurs as a result of Doran's non-compliance."  Dkt. No. 195.  LOFA contends that Mr. Doran is a "key witness" who is "involved in various components of Peck's businesses, and receives payments from some of the same sources that provide benefits to Peck."  Dkt. No. 195.  LOFA also asserts that Mr. Doran's deposition is relevant because Peck testified during his deposition that he would need to consult with Mr. Doran "in order to determine the answer to questions about Empire Chesapeake's business."  Lastly, LOFA asserts that after several failed attempts to serve Mr. Doran, Terence  Doran was ultimately served by a process server on November 21, 2025 (see Dkt. No. 195, 195-2).

On February 12, counsel for Mr. Doran filed a letter in response to LOFA's letter motion asserting that LOFA improperly served Mr. Doran and that the deposition subpoena is unduly burdensome and unnecessary.  Dkt. 228.

**The Court's February 20th Order.**  On February 20, 2026, the Court ordered all parties to appear for an in-person conference on April 9, 2026 regarding the third-party motions to compel.  Dkt. No. 234.  The Court ordered LOFA to "provide the third parties with a copy of [the February 20th order]" and LOFA's letter motions to compel, and directed the third parties to file responses to LOFA's letter motions by April 2, 2026.  Id.

2

On February 25, 2026, LOFA filed a certificate of service attesting service on the third parties with the February 20th order and the letter motions to compel. Dkt. No. 236. As of April 6, 2026, the Court has received no responses from either third-party Chase or Terence Doran.

Having received no opposition from either Chase or Terence Doran, the Court assesses LOFA's two letter motions based on LOFA's letter motions and Mr. Doran's letter at Dkt. No. 228. The Court ultimately finds that the information LOFA seeks as to both Chase and Mr. Doran are relevant to LOFA's judgment enforcement efforts. Mr. Doran argues that sitting for a deposition is burdensome. However, any such burden is outweighed by relevance, as Mr. Doran "receives payments from some of the same sources that provide benefits to Peck," and Mr. Peck testified that Mr. Doran was the right contact for questions about Empire Chesapeake. Dkt. No. 195.

Therefore, the Court rules on LOFA's letter motions at Dkt. No. 192 and 195 as follows:

- LOFA's request to compel Chase to produce all responsive documents to the First and Second Subpoenas (see Dkt. No. 192) is **GRANTED**. Chase is to produce all responsive documents within 30 days of the Court's order.

- LOFA's request to compel Terence Doran to appear for a deposition is **GRANTED**. See Dkt. No. 195. Mr. Doran is to be deposed within 30 days of the Court's order. However, LOFA's request for fees and costs related to the

deposition cancellation fee and preparation costs of its letter motion to compel

is **DENIED**.

- The conference scheduled for April 9, 2026 is **ADJOURNED** *sine die.*

- LOFA is to serve this order on Chase and Terence Doran by April 8, 2026 and

  is directed to provide a certificate of service on the docket.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 192 and**

**195.**

SO ORDERED.

DATED:    New York, New York
          April 7, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

4