**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

LOANS ON FINE ART, LLC,

Petitioner/Judgment Creditor,

-against-

IAN S. PECK, *et al.*,

Respondents/Judgment Debtors.

-------------------------------------------------------------X

**ORDER**

**23-CV-4143 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Judgment Creditor Loans on Fine Art, LLC's ("LOFA") letter motion to compel the deposition of third-party Terence Doran and subsequent briefing. Dkt. Nos. 262, 265–266.

LOFA asserts that despite its May 26 joint stipulation with Mr. Doran to have Mr. Doran appear for a deposition within 60 days, Mr. Doran failed to comply. Dkt. No. 265. Mr. Doran, through his now former attorney counselor Katz, responded in opposition. Dkt. No. 266. Counselor Katz contends that when Mr. Doran and LOFA entered into the joint stipulation, Mr. Doran was not aware that the Court had previously denied LOFA's request to extend Mr. Doran's deposition deadline. Id. Mr. Doran asserts that had he known, he would not have agreed to that stipulation. Id. Counselor Katz therefore attempts to withdraw from the previous stipulation, and alternatively requests that Mr. Doran be granted 90 days to secure new counsel.

The Court does not find counselor Katz's representation that he was unaware of the Court's denial of LOFA's extension request to depose Mr. Doran credible. Here, Counselor Katz and LOFA's email communications make clear that Mr. Doran, by way of his counsel, was made aware that the Court denied LOFA's request to extend Mr. Doran's deposition deadline. See Dkt. No. 266-2 (LOFA emailing counselor Katz that "[i]n lieu of requesting that the court reconsider its denial of LOFA's request to extend the timeline to depose Mr. Doran . . ., [LOFA] would like to file a consent motion/stip (or equivalent) that Mr. Doran will be deposed."). Mr. Doran agreed to the stipulation and cannot retrospectively revoke that stipulation because he has failed to comply with his obligations.

Second, the Court does not find good cause to further delay Mr. Doran's deposition so he can find another attorney. Mr. Doran is of course welcome to retain new counsel before his deposition. But failure to do so does not relieve Mr. Doran of his obligation to appear for the deposition.

As such, the Court **GRANTS** LOFA's motion to compel. Mr. Doran is ordered to appear for a remote deposition at 10:00 AM ET on August 27, 2026, or on a mutually agreeable date before then. Mr. Doran is warned that there may be sanctions if he fails to comply with this court order.

LOFA is ordered to serve the Court's order on Mr. Doran and to file proof of service on the docket.

**The Clerk of Court is respectfully requested to close Dkt. No. 262.**

SO ORDERED.

DATED: New York, New York
July 29, 2026

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge